VINCENT C. MOONEY, Admr., Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed April 23, 1909.*

1. APPEALS AND ERRORS—*what should not be printed in abstract of record.* Where a question is objected to, it is proper to print the question and the objection in the abstract of record and if the court assigns a reason for the ruling it may be shown, but evidence, arguments of counsel and discussions between the court and counsel not necessary to an understanding of the question involved should not be printed.

2. SAME—*when points will not be given attention.* Where the determination by the Supreme Court of certain points made by appellant will require the reading of the abstract of record, which so violates the rules of court that the reading thereof is equivalent to reading the original record, such points will be given no attention.

3. INSTRUCTIONS—*when instruction must embrace all facts necessary to sustain verdict.* An instruction for the plaintiff which purports to state the facts which will authorize a recovery and directs the jury to return a verdict of guilty upon finding such facts must embrace all the facts necessary to a recovery; and this is true although the first part of the instruction is directed merely to one branch of the case.

4. SAME—*an instruction should not ignore affirmative defense based on the evidence.* An instruction for the plaintiff which purports to state the facts essential to a recovery and directs the jury to return a verdict of guilty upon finding such facts should not ignore an affirmative defense which there is evidence tending to prove, and which, if established, would defeat a recovery.

5. SAME—*when instruction omits essential element.* In an action by an administrator to recover damages for death by wrongful act, the fact that the injury received by plaintiff's intestate resulted in his death is an element essential to a recovery, and if there is any evidence tending to show that death did not so result, it is error for an instruction to omit such element in stating the facts which will authorize a recovery and directing the jury to return a verdict of guilty upon finding such facts.

6. NEGLIGENCE—*when release of one wrongdoer releases other.* If the injury to a teamster from driving into a hole in the street would not have happened had not the axle broken at a worn part, and the teamster's employer and the city are both guilty of negligence with respect to the concurrent causes of the accident, both

the employer and the city are liable and a release of the employer is a release of the city.

7. SAME—*release of damages by injured person bars suit by administrator.* The right of an administrator to sue for damages for death by wrongful act depends, under the statute, upon the deceased having a right of recovery for his injuries at the time of his death, as there is but one cause of action and can be but one recovery; and if the deceased has released his cause of action before his death the statute does not confer any right upon his administrator to sue.

8. SAME—*the cause of action is the act done or omitted which causes the injury.* The cause of action in suits for damages arising from negligence is the act done or omitted to be done by the defendant affecting the plaintiff which causes a grievance for which the law gives a remedy; and in such cases, where the administrator sues, the cause of action is the wrongful act, neglect or default causing the death of his intestate, and not merely the death itself.

APPEAL from the Branch Appellate Court for the First·District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

EDWARD J. BRUNDAGE, Corporation Counsel, and JOHN R. CAVERLY, City Attorney, (EDWARD C. FITCH, of counsel,) for appellant:

Where an instruction directs a particular verdict if the jury should find certain facts and conditions, the instruction must embrace all the facts and conditions essential to such a verdict. Where such an element is omitted in such an instruction the error cannot be cured by any other instruc-tion. *Metal Co.* v. *Weber,* 196 Ill. 526; *Ratner* v. *Railway Co.* 233 id. 169; *Swiercz* v. *Steel Co.* 231 id. 456; *Railroad Co.* v. *Smith,* 208 id. 608.

Even though an instruction may be taken as particularly defining the law of one branch of a case, if it also directs a particular verdict if the jury find certain facts and conditions, the instruction must embrace all the facts and conditions essential to such a verdict. *Railroad Co.* v. *Smith,* 208 Ill. 608.

It is not required that one instruction shall state all the law, and instructions may supplement each other and supply defects, but where an instruction directs a verdict upon certain conditions it must state the law correctly. *Metal Co. v. Weber,* 196 Ill. 526; *Ratner v. Railway Co.* 233 id. 169.

. An.action, under the statute, by the personal representative for injury causing the death of his decedent is barred by a compromise and settlement of all claims for such injury made by the decedent. *Telephone Co. v. Cassin,* 111 Ga. 575; *Read v. Railway Co.* L. R. 3 Q. B. 555; *Holton v. Daly,* 106 Ill. 137; 8 Am. & Eng. Ency. of Law, 870.

A settlement and satisfaction made with one of two or more persons charged as joint wrongdoers operates as a release of all, irrespective of the actual liability of the one with whom the settlement is made. *Hubbard v. Railway Co.* 173 Mo. 249; *Chicago v. Babcock,* 143 Ill. 358; *Tompkins v. Railroad Co.* 66 Cal. 163; *Hartigan v. Dickson,* 81 Minn. 284; *Leddy v. Barney,* 139 Mass. 394; *Brown v. Cambridge,* 3 Allen, 503; *Aldrich v. Parnell,* 147 Mass. 409; *Goss v. Ellison,* 136 id. 503; *Seither v. Traction Co.* 125 Pa. 397; *Metz v. Soule,* 40 Iowa, 236; *Miller v. Beck,* 108 id. 575.

FRANK V. CAMPE, (A. L. GETTYS, of counsel,) for appellee:

An instruction which only purports to define the law of one branch of the case need not embody every essential element to sustain the action. *Judy v. Sterrett,* 153 Ill. 100; *Order of Foresters v. Fitz,* 181 id. 207; *Coal Co. v. Rademacher,* 190 id. 544; *Trubey v. Richardson,* 224 id. 146; *Railway Co. v. Hoeffner,* 175 id. 634.

It is not necessary in an instruction to negative a matter of mere defense. *Funk v. Babbitt,* 156 Ill. 415; *Traction Co. v. Lowenrosen,* 222 id. 509.

A release to one who is, in fact, not liable with another will not discharge such other. *Roodhouse v. Christian,* 158

Ill. 139; *Bridge Co.* v. *Hall,* 125 Ind. 220; *Dock Co.* v. *New York,* 53 N. Y. 64; *Thomas* v. *Railroad Co.* 194 Pa. 511; *Siever* v. *Amunson,* 78 Wis. 679; *Wardell* v. *McConnell,* 25 Neb. 558.

A release which shows, on its face, that it intended to mislead the person executing the same is obtained by fraud. *Railroad Co.* v. *Welch,* 52 Ill. 187.

A release obtained from one who is on a bed of pain will not conclude one from denying that he knew its contents. *Railroad Co.* v. *Lewis,* 109 Ill. 130; *Railroad Co.* v. *Harris,* 158 U. S. 331.

CLARENCE A. KNIGHT, and WILLIAM G. ADAMS, *amici curiæ:*

When judgment has been recovered or settlement made by the deceased for the wrongful act, neglect or default, then the primary cause of action which is a condition to the operation of the statute has been extinguished and leaves the statute with no office to perform.

The cause of action is the wrongful act, neglect or default, either in the case of a suit for damages by an injured person or of his personal representative under the survival act of 1872, or in case of a suit by the personal representative for causing the death, brought for the benefit of the widow, under the act of 1853. *Holton* v. *Daly,* 106 Ill. 131; *Crane* v. *Railroad Co.* 233 id. 259.

The damages are recoverable in different rights but are both dependent and founded on one primary cause of action. *Brown* v. *Railway Co.* 77 N. W. Rep. 748; *Telephone Co.* v. *Cassin,* 111 Ga. 575.

Our statute, and statutes of like effect, do not purport to confer a right of action unless the deceased had the right to sue at the time of his death. *Read* v. *Railway Co.* L. R. 3 Q. B. 555; *Littlewood* v. *Mayor,* 89 N. Y. 24; *McGahey* v. *Railway Co.* 51 App. Div. N. Y. 281; *Legg* v. *Britton,* 64 Vt. 652; *Lubrano* v. *Atlantic Mills,* 32 Atl. Rep. 205;

239—27

*Hecht* v. *Railway Co.* 132 Ind. 507; *Sweetland* v. *Railway Co.* 75 N. W. Rep. 1066; *Price* v. *Railroad Co.* 33 S. C. 556; *Telephone Co.* v. *Cassin,* 111 Ga. 575; *Strode* v. *Transit Co.* 197 Mo. 616; *Thompson* v. *Railway Co.* 97 Tex. 590; *Fowles* v. *Railroad Co.* 9 Heisk. 827; *Brown* v. *Railway Co.* 101 Tenn. 252.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee, who sued as administrator of the estate of Edward Dillon, deceased, recovered a judgment in the superior court of Cook county against appellant for $3500 damages for causing the death of said Edward Dillon, and the Branch Appellate Court for the First District affirmed the judgment.

The declaration in two counts charged the defendant with negligence in permitting Harrison street, at the intersection of Clark street, in the city of Chicago, to remain in a dangerous and unsafe condition by allowing several of the paving stones to be removed and remain absent and missing from the street and allowing a large and deep hole and depression to exist in said street at said place. It was alleged that while Edward Dillon was driving a team of horses attached to a wagon loaded with barrels, a wheel of the wagon ran into the hole and depression, by means whereof the wagon was broken and he was thrown upon the pavement and received injuries which resulted in his death. The plea was the general issue. The declaration was amended on the trial by changing the name of the deceased to William Edward Dillon.

It is contended that the trial court erred in permitting a medical expert to give an opinion as to the cause of Dillon's death without having all the facts on which the opinion was based before the jury, and permitting another medical expert to answer a hypothetical question which did not embrace all the undisputed facts, and also erred in re-

fusing to instruct the jury to find the defendant not guilty. To determine these questions would require a reading and review of evidence, and in presenting the questions counsel refer to the abstract made and filed by them. Upon looking into the abstract it is found to contain ninety-five pages of testimony, intermingled with lengthy arguments of counsel made to the trial court, covering pages in places; and the testimony is substantially all of it printed in full by question and answer, in plain violation of rule 14 of this court, which requires the testimony to be condensed in narrative form, so as to clearly and concisely present its substance. Where a question is objected to, it is proper to print the question and the objection, and if the court assigns a reason for the ruling it may be shown, but no necessity whatever existed for printing the evidence, as was done in this case, or the arguments of counsel and the discussions between court and counsel. We will not assume the burden of reading an abstract prepared and printed in disregard of the rule, which would be equivalent to reading the original record, and no attention will be given to the points mentioned.

The remaining question raised in argument and which does not require a reading of the evidence is whether the trial court erred in giving to the jury improper instructions at the instance of the plaintiff.

Counsel for appellant, in stating the leading facts which the evidence proved or tended to prove under rule 15, say that on May 5, 1903, Dillon was driving a heavy wagon, forty feet long, fitted with a rack, upon which there was a load of empty barrels; that the iron skein of the axle on which the right hind wheel turned was worn through; that the said axle broke and tipped the wagon and Dillon was thrown to the pavement, breaking the fibula of his right leg so that one end of the bone protruded through the skin; that he was taken to the Cook County Hospital and the fracture did not unite, and he died on May 23, 1903;

that on a post mortem it was found that the fracture had not united, and he had a fatty heart and liver and an enlarged spleen and enlarged and fatty kidneys; that the coroner's inquest resulted in a verdict that Dillon died of fatty degeneration of the kidneys complicated by a compound fracture of the right leg, and there was evidence to the same effect on the trial; that Dillon was in the employ of James McKay; that after the accident he executed an instrument of release in satisfaction for the damages resulting from the accident, acknowledging full satisfaction of any and all claims against McKay on account of the injuries sustained, and that McKay made the payments specified in the release, to Dillon in his lifetime and the balance to his widow. Counsel for appellee in their brief do not point out any inaccuracy in this statement so far as the evidence was concerned, and under the rule the statement will be taken as accurate and sufficient to present the question raised on the instructions.

Instruction No. 6 given at the instance of the plaintiff explained to the jury the rule of law that actual notice of a defective condition of the street was not necessary if such condition had existed for so long a time that the city authorities, by the use of ordinary care, would have known of such condition in time to have repaired the same before the accident in the exercise of ordinary care, and that in such a case notice of such condition might be presumed. The instruction then proceeded to state a hypothesis of fact which would require a verdict for the plaintiff, and concluded with a direction to the jury to find the defendant guilty if such facts existed. The hypothesis included only the following facts: First, that the street was out of repair and in an unsafe condition to travel upon, and had been in such condition for such a length of time that the city authorities, by the use of ordinary care, might have known of the condition in time to have repaired it before the injury and did not repair it, which was an application of

the rule stated as to notice; second, that while the deceased was driving over the streets, one of the wheels of the wagon which he was on fell into a hole in the street and he was thereby injured; third, that the deceased was in the exercise of reasonable care for his own safety. As this instruction purported to state the facts which would authorize a recovery and directed the jury to return a verdict of guilty upon finding such facts, it was essential that it should contain all the facts necessary to sustain the verdict directed. (*Pardridge* v. *Cutler,* 168 Ill. 504; *Illinois Iron and Metal Co.* v. *Weber,* 196 id. 526; *Illinois Central Railroad Co.* v. *Smith,* 208 id. 608; *Swiercz* v. *Illinois Steel Co.* 231 id. 456.) It was necessary, in addition to the facts stated in the instruction, for the jury to find that the injury was the cause of Dillon's death. He was not killed at the time of the accident, so that it cannot be said there was no other conclusion at which the jury could have arrived on that question, and the omission, therefore, was material. The substance of the right of action conferred by the statute is, that the death of a person shall be caused by the wrongful act, neglect or default of another. It appears that there was evidence tending to prove a diseased condition of Dillon and that his death might have resulted from some other cause than the accident, but counsel for appellee say that the evidence tending to show that he died from some disease had only a very slight basis in the evidence. That may be true, but if there was any evidence proper to be submitted to the jury the defendant had a right to have the jury correctly instructed.

It is said that the purpose of the instruction was to direct the attention of the jury to the question of notice to the defendant, and evidently that was one purpose; but after stating the rule correctly on that question the instruction then proceeded to apply that rule, and directed the jury to return a verdict finding defendant guilty if they found, from the evidence, the existence of certain facts. It was

not to be expected that they would disregard one part of the instruction or give to either part more weight than to the other. The latter part of the instruction was the more important and material part, and it omitted one essential element that must be established in every case of this kind.

The instruction also omitted all reference to an affirmative defense, which, if established, would have defeated a recovery, and it is error to give an instruction ignoring matter of defense which there is evidence fairly tending to prove. (*Miller v. Cinnamon,* 168 Ill. 447; *Gorrell* v. *Payson,* 170 id. 213.) If the release executed by Dillon to McKay operated as a bar to the action, a verdict of guilty could not be found upon the facts stated in the instruction. Both parties asked, and the court gave, instructions concerning the effect of the release. On the part of the plaintiff the court told the jury that if the defendant alone was liable for the injury the release would not be material in the case, and at the request of the defendant the jury were advised that if Dillon executed the instrument and the injury was due to the joint negligence of McKay and the defendant, the instrument operated as a bar to the action and they should find the defendant not guilty. It was a question whether the accident would have resulted, even if the street was in a defective condition, if the skein of the axle had not been worn through and the axle thereby weakened. If a defective condition and a worn axle concurred and both the defendant and McKay were guilty of negligence they would both be liable and a release of one would release the other.

The Appellate Court, in dealing with the question, expressed the opinion that the cause of action released or satisfied by the instrument was an entirely different one from the statutory cause of action; that the release had no relation to the case and was erroneously admitted in evidence, and was therefore properly ignored in the instructions. This view of the law is erroneous and not in accord

with the authorities. There was but one cause of action and there could be but one recovery or satisfaction. A cause of action in suits for damages arising from negligence is the act done or omitted to be done by the defendant affecting the plaintiff which causes a grievance for which the law gives a remedy. (*Swift & Co.* v. *Madden,* 165 Ill. 41.) In suits like this, the cause of action is the wrongful act, neglect or default causing death, and not merely the death itself. (*Holton* v. *Daly,* 106 Ill. 131; *Crane* v. *Chicago and Western Indiana Railroad Co.* 233 id. 259.) The statute gives a right unknown to the common law in cases where the wrongful act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages. One condition upon which the statutory liability depends is that the deceased had a right of recovery for the injuries at the time of his death, and there is no right in the administrator to maintain an action unless the deceased had the right to sue at the time of his death. There being but one cause of action there can be but one recovery, and if Dillon had released the cause of action the statute does not confer upon his administrator any right to sue. (*Holton* v. *Daly, supra; Southern Telephone Co.* v. *Cassin,* 111 Ga. 575; *Read* v. *Great Eastern Railway Co.* L. R. 3 Q. B. 555; 8 Am. & Eng. Ency. of Law,—2d ed.—870; 13 Cyc. 325; 6 Thompson on Negligence, sec. 7028; 3 Elliott on Railroads, sec. 1376; *Legg* v. *Britton,* 64 Vt. 652; *Strode* v. *Transit Co.* 197 Mo. 616; *Littlewood* v. *Mayor of New York,* 89 N. Y. 24; *Hill* v. *Pennsylvania Railroad Co.* 178 Pa. St. 223; *Brown* v. *Chattanooga Electric Railway Co.* 101 Tenn. 252.) The instruction directing a verdict could not be supplemented or cured by any other, for the reason that if the jury read and obeyed it they would find the defendant guilty although they believed, from the evidence, that McKay was also liable for the injury and that he had been released.

Another instruction ignored the defense of a release, but it is not necessary to refer to it.

Instruction No. 6 was erroneous in omitting the material fact that Dillon's death was caused by the injury and in ignoring the defense of a release.

The judgments of the Appellate Court and superior court are reversed and the cause is remanded to the superior court.

*Reversed and remanded.*