## H. C. Mulcahy, Appellee, v. John A. Milford et al., Appellants.

1. ACTION, § 69*—*when objection as to bringing prematurely too late.* The general rule is that the objection that an action is prematurely brought cannot be raised first on appeal.

2. ACTION, § 69*—*how objection as to bringing prematurely raised.* Final argument to the jury to the effect that an action was brought prematurely raises the question sufficiently to permit of its consideration on appeal, where the action was begun in justice court and the pleadings were informal.

3. TENDER, § 7*—*what is effect of partial.* The plea of tender of a part of the amount sued for does not bar the defense that the action was prematurely brought as against the balance of the claim.

4. ACTION, § 68*—*when prematurely brought for amount paid under execution and levy.* An action for an amount paid under execution and levy is prematurely brought when begun after levy but before payment to the sheriff.

5. INSTRUCTIONS, § 131*—*when directing verdict erroneous.* An instruction directing a verdict for the plaintiff, upon the jury's finding certain facts, is erroneous in ignoring an affirmative defense interposed.

Appeal from the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1918. Reversed with finding of fact. Opinion filed April 12, 1919.

WILLIAM S. DEWEY and REED GREEN, for appellants.

ALEXANDER WILSON and M. J. O'SHEA, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

It appears from the statement of facts agreed to by

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the parties in this case and incorporated in the bill of exceptions that the facts, so far as they need be referred to, were in substance as follows:

On February 16, 1916, John A. Milford and W. E. Milford, partners doing business as Milford Brothers, secured a judgment in the Circuit Court of Alexander county for $205.30 against H. C. Mulcahy. On or about April 18th following, a verbal agreement was entered into by one of the Milfords, on behalf of the Milford Brothers, and Mulcahy, by which certain alfalfa hay belonging to Mulcahy was to be turned over to another party to be by him baled and sold and the proceeds turned over to the Milfords. There was a controversy between the parties as to whether Mulcahy was to be given credit only for the net proceeds of the sale of the hay after deducting costs of baling and marketing or the hay was to be taken by the Milfords in full settlement of their claim, and the evidence upon this subject was conflicting. In fact the Milfords actually gave credit to Mulcahy for only the sum of $38.72, balance received from said hay, on said judgment. On May 2, 1916, an execution was issued on said judgment from which nothing was realized. Some time afterwards a second execution was issued which was returned unsatisfied, and still later, on July 9, 1917, a third execution was issued for the full amount of said judgment and costs and placed in the hands of the sheriff of the county, but later the Milfords gave the sheriff a statement in writing that there should be a credit of $38.72 given to Mulcahy on the judgment. On July 10, 1917, the sheriff levied on some 50 acres of growing corn belonging to Mulcahy for the full amount of the judgment, interests and costs. On September 22, 1917, Mulcahy brought an action, which was the beginning of this suit, before a justice of the peace of Alexander county against the Milfords for $300, and obtained a judgment by default in his favor. On October 5, 1917, the Milfords ap-

pealed the case to the Circuit Court of said county and afterwards the sheriff of the county advertised the growing corn levied on by him, under the third execution above referred to, for sale on December 3, 1917, for the full amount of the judgment. On December 1, 1917, prior to the day fixed for the sale, Mulcahy paid to the sheriff the sum of $241.81, the full amount of the judgment, interests and costs. Afterwards on the same day the sheriff paid to the Milfords the sum of $223.98, which was the full amount of the judgment and interest, although the Milfords protested that said amount was more than was due them by $38.72, the amount of the net proceeds of the hay, for which they asked that credit be given to Mulcahy. Afterwards on February 13, 1918, before this case came to trial, the Milfords tendered to Mulcahy $62.85, being the sum of $38.72, representing the net proceeds of the hay, and $24.13 costs to the date of tender, and that tender has been kept good. On the trial of the case, appellee H. C. Mulcahy testified, among other things, that this suit was brought to recover the amount he paid to the sheriff on account of said third execution, and that his damages consisted of the amount so paid, to wit, $241.81. The defendants made no objection to the evidence introduced on behalf of plaintiff until the argument of defendants' counsel to the jury at the conclusion of the evidence, when such counsel stated, and claimed, that plaintiff had no right to recover from the defendants anything in excess of the amount tendered, for the reason that the plaintiff was basing his right to recover damages upon money paid by him to the sheriff in settlement of said judgment and costs under said third execution, and that this action was prematurely brought by the plaintiff. The jury brought in a verdict in favor of the plaintiff for $241.81, informing the court that said amount included the amount of the tender, whereupon, under instructions of the court not to include the amount of the tender in their verdict,

the jury again retired and returned a verdict of $181.87, and for that amount judgment was rendered by the court in favor of appellee Mulcahy. The Milford Brothers, who were the defendants below, have appealed from that judgment to this court.

The most important question for us to determine is whether or not this suit has been prematurely brought, but the above rather full statement of the case has been made in order that all the conditions surrounding the cause might be fully understood. This suit having been commenced before a justice of the peace, there were no written pleadings, and therefore the statement of appellee Mulcahy that the suit was brought to recover the amount of money he paid to the sheriff on account of the third execution, namely, $241.81, and that his damages consisted of the amount he had so paid, which was undisputed, must be taken as a statement of the cause of action. That amount, however, as shown by the stipulation was not paid by appellee until December 1, 1917, whereas this suit for damages was brought on September 22, 1917. Therefore the claimed cause of action did not arise until after the suit was brought. It is, however, insisted by appellee that the objection that the suit was prematurely brought cannot be raised for the first time on appeal, it being in the nature of a dilatory plea, and such would seem to be the general rule of law, though the rule is not without its exceptions. But this question was really raised by counsel for appellants in his final argument, and while better practice would have suggested that the question be brought to the attention of court and jury at an earlier period in the trial, yet this was a trial *de novo* on appeal from the justice of the peace, in which there were no pleadings and where probably more latitude in procedure is permitted. At any rate, the point was raised in time for counsel for appellee to reply in the concluding argument and the court was advised of it before the motion for new trial

was disposed of. Under these circumstances it would appear that the question of the premature bringing of the suit was sufficiently raised in the court below to permit it being taken advantage of in this court.

It is further contended by appellee that the defense that a suit was prematurely brought cannot be maintained after money is tendered and brought into court, and in support of that doctrine he cites 38 Cyc. 176, par. 7, where it is said: "A plea of tender and bringing the money into court is an admission of plaintiff's cause of action to the extent of the amount alleged to have been tendered and brought into court, and dispenses with the necessity for all that proof which plaintiff would otherwise be required to produce in order to recover the amount brought in, and defendant cannot thereafter object to the form of the action, or that the action was prematurely brought." In the same section from which the above is quoted it is said: "But tender and payment into court does not admit liability for more than what is tendered or all alleged grounds of recovery, and defendant may interpose any consistent defense, showing that he is not liable in a greater sum." On page 163 of the same volume it is also said: "A tender is ordinarily an admission of an amount due equal to the sum tendered.  *  *  *  But a tender is not an admission of liability beyond the amount tendered, nor does it necessarily admit all the alleged grounds for recovery." To the same effect is 28 Am. & Eng. Encyc. of Law (2nd Ed.) 15. Appellants have continually admitted that they were indebted to appellee for the net proceeds of the hay sold amounting to $38.72, and to this amount they add the costs accrued up to the time of tender to the amount of $24.13, making a total of $62.85, but they have consistently denied any other liability to appellee. As to the amount of the tender, it is plain that appellants cannot now set up the defense that the suit was prematurely brought, but there appears to us to be no

good reason why that defense cannot be availed of against the rest of the debt claimed to be due by appellee, to the same extent and in the same way as any other defense which would tend to show that appellee was not entitled to recover any more than the amount of the tender. We are of opinion that under the law and the facts this suit was prematurely brought, and such being the case, this action cannot be sustained against appellants for more than the amount of the tender.

Appellants properly criticize the only instruction offered on the part of appellee, which directed a verdict for him in case certain facts were found in his favor by the jury, but entirely ignored the defense made by appellants that this suit was prematurely brought. This was an important matter of defense which had been raised by appellants before the instruction was given and should not have been ignored by the instruction. In *Mooney v. City of Chicago,* 239 Ill. 414, it is said in reference to an instruction containing a like defect: "The instruction also omitted all reference to an affirmative defense which, if established, would have defeated a recovery, and it is error to give an instruction ignoring matter of defense which there is evidence fairly tending to prove." For the reasons given, the judgment of the court below will be reversed, and as it is apparent from what is above said that no judgment could be sustained in this case upon the uncontradicted facts, the cause will not be remanded.

*Reversed with finding of fact.*

Finding of fact to be incorporated in the judgment. We find as an ultimate fact that the cause of action in this case, except as to the amount of the tender, did not arise until after the said suit was brought.