MARY V. WYNESS, Indiv. and as Special Adm'r of the Estate of James J. Wyness, Deceased, Plaintiff-Appellant, v. ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants-Appellees.

First District (4th Division)   No. 87—1716

Opinion filed May 5, 1988.—Rehearing denied July 21, 1988.

Burke & Burke, Ltd., of Chicago (John M. Burke and Molly C. Mason, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Edward J. Melia, of counsel), for appellee Combustion Engineering, Inc.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Daniel J. Cheely, John A. Krivicich, and Thomas W. Cushing, of counsel), for other appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Mary V. Wyness, brought this action individually and as special administrator of the estate of her deceased husband, James J. Wyness, to recover damages under the Illinois Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, par. 1 *et seq.*). The plaintiff filed her complaint within two years of her husband's death but more than two years after she discovered that he was suffering from asbestos-related lung cancer. The defendants, various manufacturers and distributors of asbestos products, moved for summary judgment on the basis that the limitations period for bringing the action had run. The trial court granted the motion in part, ruling that the plaintiff was barred from recovering any personal damages in her wrongful death action but that she could maintain such an action in her capacity as special administrator on behalf of her children. The plaintiff has appealed, contending that the action was filed within the limitations period applicable to wrongful death claims.

The issue before this court is whether the limitations period under the Wrongful Death Act begins to run on the date the plaintiff knows or should reasonably have known of the wrongfully caused injury despite the fact that death has not yet occurred.

The facts of this cause are undisputed. The decedent worked as an insulator from 1947 until 1978. On May 11, 1978, he was diagnosed as having a malignant lung tumor. In her deposition testimony, the plaintiff stated that she and the decedent were aware in June of 1978 that the decedent's lung cancer was asbestos-related. The decedent died on August 10, 1978, less than three months after the diagnosis of lung cancer. The plaintiff filed the wrongful death action on August 8, 1980, within two years of the decedent's death. The complaint, which was subsequently amended, alleged that the decedent died from lung cancer contracted during his employment as an insulator, that the defendants failed to warn him of the dangers associated with asbestos-containing products, and that the plaintiff and her children had suffered damages as a result of his death.

Section 1 of the Wrongful Death Act provides:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, *and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof,* then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the

death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 70, par. 1.) Section 2 provides that every such action shall be commenced within two years after the death of the person. Ill. Rev. Stat. 1985, ch. 70, par. 2.

■ Section 1 of the Wrongful Death Act has been interpreted to require that the decedent, at the time of his death, be able to bring a cause of action. (*Mooney v. City of Chicago* (1909), 239 Ill. 414, 88 N.E. 194; *Biddy v. Blue Bird Air Service* (1940), 374 Ill. 506, 30 N.E.2d 14; *Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 455 N.E.2d 200.) In *Mooney v. City of Chicago*, the Illinois Supreme Court held that where the decedent had released his personal injury cause of action, a wrongful death action could not be maintained. The court stated:

> "One condition upon which the statutory liability depends is that the deceased had a right of recovery for the injuries *at the time of his death,* and there is no right in the administrator to maintain an action unless the deceased had the right to sue *at the time of his death.*" (Emphasis added.) (*Mooney v. City of Chicago* (1909), 239 Ill. 414, 423, 88 N.E. 194, 196.)

Following this reasoning, this court in *Lambert v. Village of Summit* (1982), 104 Ill. App. 3d 1034, 433 N.E.2d 1016, held that where the two-year limitations period for bringing a personal injury action had expired prior to the decedent's death, he had no right to sue at the time of death and a wrongful death action could therefore not be maintained by the administrator of his estate.

■ In the case at bar, however, the decedent died less than three months after he and the plaintiff discovered his cause of action. He clearly had the right to sue at the time of his death, thus fulfilling the statutory condition upon liability set forth in section 1 of the Wrongful Death Act. (Ill. Rev. Stat. 1985, ch. 70, par. 1.) According to our interpretation of the Act, once that condition is met, section 2 then gives the administrator two years from the date of death to file a wrongful death action.

The defendants' position is that the limitations period for a wrongful death action begins from the date the plaintiff knows or should reasonably have known of the wrongfully caused injury regardless of when death occurs. We find this contention supported by neither logic nor the wording of section 2 of the Wrongful Death Act, which specifically provides that the action "shall be commenced within 2 years after the death of such person." (Ill. Rev. Stat. 1985, ch. 70,

par. 2.) Were we to accept the defendants' argument, this provision would be entirely superfluous since, in every case, the two-year statute of limitations for personal injury actions would be controlling.

The only case law which appears to support the defendants' position is the Federal district court decision in *McDaniel v. Johns-Manville Sales Corp.* (N.D. Ill. 1982), 542 F. Supp. 716. *McDaniel* involved both survival actions and wrongful death actions brought by several plaintiffs against various asbestos manufacturers. One of the cases was brought by the wife of a decedent who, at the time of his death, had a viable cause of action. Although the wrongful death action was filed within two years of the date of death, the court found that it was untimely filed. In doing so, the court first discussed the Survival Act claims and noted that because the Survival Act does not create a statutory cause of action, survival claims are subject to the two-year limitations period for personal injury actions. The court then stated that "[t]hat is true under the Wrongful Death Act as well," despite the fact that the Wrongful Death Act explicitly provides that an action is timely if filed within two years of the death. (*McDaniel*, 542 F. Supp. at 717.) In support of this conclusion, the court cited *Lambert v. Village of Summit* (1982), 104 Ill. App. 3d 1034, 433 N.E.2d 1016. However, as previously discussed, the *Lambert* case involved a situation where the decedent's cause of action for personal injuries had expired prior to his death. Because he did not have a viable cause of action at the time of his death as required by section 1 of the Wrongful Death Act, no wrongful death action could be maintained regardless of when it was filed. As we read *Lambert,* there is nothing in that decision which would lend support to the *McDaniel* court's conclusion that the limitations period in a wrongful death action, like that in a survival action, runs from the date the plaintiff knows or should have known of the wrongfully caused injury. Because *McDaniel* appears to rest on a misinterpretation of this court's holding in *Lambert,* we find it unpersuasive.

■ Finally, the plaintiff in her appellate brief asks us to "overrule" the *Lambert* decision and hold that a wrongful death action filed within two years of the date of death is timely even where the limitations period for personal injury actions had expired prior to the decedent's death. This question is not presented by the facts of this cause and we therefore decline to consider it. In summary, we conclude that because the decedent in the case at bar had a viable cause of action at the time of his death, a wrongful death action brought within two years of his death was timely filed. That portion of the trial court's order granting summary judgment in favor of the plain-

tiff and against the defendants is affirmed; the portion granting summary judgment in favor of the defendants and against the plaintiff is reversed and the cause remanded.

Affirmed in part; reversed in part and remanded.

JOHNSON and McMORROW, JJ., concur.