(No. 67554.-

MARY V. WYNESS, Indiv. and as Special Adm'r of the Estate of James J. Wyness, Deceased, Appellee, v. ARMSTRONG WORLD INDUSTRIES, INC., *et al.*, Appellants.

*Opinion filed October 25, 1989.*

404

Baker & McKenzie, of Chicago (Francis D. Morrissey, Daniel J. Cheely, John A. Krivicich, Thomas W. Cushing, Paul B. O'Flaherty, Jr., and Anne T. Stinneford, of coun-

sel), for appellant Armstrong World Industries, Inc., *et al.*

Wildman, Harrold, Allen & Dixon, of Chicago (Edward J. Melia, of counsel), for appellant Combustion Engineering, Inc.

Burke & Burke, Ltd., of Chicago (John M. Burke and Molly C. Mason, of counsel), for appellee.

Kevin J. Conway, of Robert J. Cooney & Associates, and Kenneth J. Sophie, Jr., of the Law Offices of Gerard A. Facchini, both of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE CLARK delivered the opinion of the court:

At issue in this case is whether the two-year filing provision of the Wrongful Death Act (Ill. Rev. Stat. 1987, ch. 70, par. 1 *et seq.*) must be triggered by the "discovery rule" at such time that the cause of action may accrue *prior* to the death of an individual when a potential plaintiff seeking relief under the Act knows or reasonably should know of a wrongfully caused injury which may lead to death. We answer that question in the negative.

Appellee, Mary Wyness, initiated this action individually and as special administrator of the estate of her deceased husband, James Wyness, in the circuit court of Cook County, against various asbestos manufacturers and distributors. The one-count complaint alleged James Wyness' death was attributable to his prolonged exposure to asbestos-containing products during the course of his employment, causing asbestos-related lung cancer. Armstrong World Industries, Inc., Celotex Corporation, Keene Corporation, Eagle-Picher Industries, Inc., Pittsburgh-Corning Corporation and Combustion Engineering, Inc. (hereinafter appellants), filed a motion for sum-

mary judgment based on the contention that the limitations period for filing the action had run. The trial court denied the motion in part and granted the motion in part. Mary Wyness appealed and the appellate court reversed in part and affirmed in part, remanding the cause to the trial court. (171 Ill. App. 3d 676, 680.) The defendants below, various asbestos manufacturers and distributors, appealed to this court. We granted review pursuant to our Rule 315(a) (107 Ill. 2d R. 315(a)). For the reasons stated below, we affirm.

James J. Wyness, appellee's decedent, died on August 10, 1978, at the age of 52. From 1947 to 1978 he worked with various asbestos products as an insulator. Two months prior to James Wyness' death, his doctor confirmed that lung cancer discovered just the month before was asbestos related. Thus, Wyness' illness and its probable cause were known to both James and Mary Wyness since the beginning of June 1978. On August 8, 1980, Mary Wyness filed a wrongful death action in her own behalf and as administrator of her husband's estate. The suit was filed less than two years following the death of James Wyness.

Appellants moved for summary judgment in the trial court, asserting the running of the statute of limitations for personal injury actions (Ill. Rev. Stat. 1987, ch. 110, par. 13—202) based on the deposition of Mary Wyness, wherein she indicated that she became aware of the causation of her husband's illness in June 1978. Appellants argued that a wrongful death action is a derivative of the personal injury action. The trial court granted partial summary judgment, ruling that Mary Wyness could not recover individually because the statute of limitations had run, since Mary learned of James' injury in June 1978; however, the trial court denied the appellants' motion for summary judgment against the administrator of the estate for the benefit of the Wyness children.

The appellate court affirmed in part and reversed in part (171 Ill. App. 3d at 680), holding that the limitation period in the Wrongful Death Act (Ill. Rev. Stat. 1987, ch. 70, par. 1 *et seq.*) is a two-year limitation period beginning on the date of death. The appellate court also held that the personal injury statute of limitations (Ill. Rev. Stat. 1987, ch. 110, par. 13—202) does not apply to wrongful death claims except to the extent that it determines the viability of the decedent's claim at the time of death. (171 Ill. App. 3d at 678-79.) We agree.

Section 1 of the Wrongful Death Act provides:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured ***." (Ill. Rev. Stat. 1987, ch. 70, par. 1.)

Section 2 of the Act further provides:

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person.

\* \* \*

Every such action shall be commenced within 2 years after the death of such person ***." Ill. Rev. Stat. 1987, ch. 70, par. 2.

The "discovery rule," first recognized by this court in *Rozny v. Marnul* (1969), 43 Ill. 2d 54, creates an excep-

tion to limitation periods. The rule has been referred to as the "known or should have known" rule, and addresses the "problem *** of balancing the increase in difficulty of proof which accompanies the passage of time against the hardship to the plaintiff who neither knows nor should have known of the existence of his right to sue." (*Rozny*, 43 Ill. 2d at 70.) This court joined other States in adopting the rule, noting that "the ends of justice are served by permitting plaintiff to sue within the statutory period computed from the time at which he knew or should have known of the existence of the right to sue." (*Rozny*, 43 Ill. 2d at 70.) *Rozny* involved a plaintiff who, in reliance on the survey prepared at the time the lot was purchased by the developer, bought a home built within the noted boundaries of the survey. Although the home was built in 1955, it was not until 1964 that the plaintiff discovered that portions of the driveway and garage encroached onto neighboring property. Although defendant argued that suit was barred by the statute of limitations, this court recognized the impossibility of commencing a suit prior to having any knowledge of "injury."

Although this court has not to date applied the discovery rule to wrongful death actions, appellants contend that this recognized exception should be applied to the case before us and should begin the running of the limitation period in a wrongful death action at the time when those who will benefit first knew of the wrongfully caused injury. In other words, the limitation period in this wrongful death case, according to appellants' theory, began to run in June 1978, approximately two months prior to the death of James Wyness, when Mary Wyness knew that her husband had lung cancer due to asbestosis. As we will discuss, however, in proffering their arguments, appellants both confuse our decisions which address actions brought under a survival theory (Ill. Rev.

Stat. 1987, ch. 110½, par. 27—6) with those brought under a wrongful death theory (Ill. Rev. Stat. 1987, ch. 70, par. 1 *et seq.*) and misconstrue our application of the discovery rule. Additionally, appellants ignore the plain language of the Wrongful Death Act which indicates that actions arising under its provisions shall be filed within two years *"after* the death." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 70, par. 2; see also *Canteen Corp. v. Department of Revenue* (1988), 123 Ill. 2d 95, 105 (an undefined statutory term is to be given its ordinary and popular meaning); 2A N. Singer, Sutherland on Statutory Construction §46.01, at 73-74 (4th ed. 1984) (interpretation of statutes begins with the plain meaning rule; words should be given their common and approved meaning).

This court described the distinctions between a survival action and a wrongful death action at length in *Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, and we need not repeat the entire analysis here. In essence, however, this court ended the long reign during which litigants had to choose between the survival and wrongful death actions and concluded that the two actions were distinct from one another; thereafter, a litigant could maintain both a survival action and a wrongful death action at the same time. (*Murphy*, 56 Ill. 2d at 428.) A survival action allows for recovery of damages for injury sustained by the deceased up to the time of death; a wrongful death action covers the time after death and addresses the injury suffered by the next of kin due to the loss of the deceased rather than the injuries personally suffered by the deceased prior to death. (See *Murphy*, 56 Ill. 2d at 431.) As this court noted in *National Bank v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160:

> "[The] survival statute was enacted (originally in 1872) to allow an action *** to recover damages for an injury to

the person[ ] to survive the death of the injured person. [Citation.] The Survival Act does not create a statutory cause of action. It merely allows a representative of the decedent to maintain those statutory or common law actions which had already accrued to the decedent before he died." *National Bank*, 73 Ill. 2d at 172.

The wrongful death action allows, in contrast, the next of kin to recover damages for their own loss based on the wrongful actions of another. While it cannot be contested that, in most cases, any death creates a loss to the survivors, a wrongful death action is premised on the deceased's potential, at the time of death, to initiate an action for injury. (*Biddy v. Blue Bird Air Service* (1940), 374 Ill. 506, 515; *Mooney v. City of Chicago* (1909), 239 Ill. 414, 423.) As this court has long held, in a wrongful death action "the cause of action is the wrongful act, neglect or default causing death, and not merely the death itself." (*Mooney*, 239 Ill. at 423.) Additionally, only the next of kin or one acting on their behalf may benefit from a wrongful death action based on their own damages incurred as a result of the death. (Ill. Rev. Stat. 1987, ch. 70, par. 2.) We note that the case before us does not initiate an action for damages incurred prior to James Wyness' death nor does it continue an action that the deceased had initiated or could have initiated prior to death. It is, therefore, not a survival action to recompense James Wyness; rather, it is simply a wrongful death action initiated by the next of kin for the benefit of the next of kin.

Appellants contend that this court's prior application of the discovery rule (see *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161; *Witherell v. Weimer* (1981), 85 Ill. 2d 146; *Tom Olesker's Exciting World of Fashion, Inc. v. Dunn & Bradstreet, Inc.* (1975), 61 Ill. 2d 129; *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32) demands

that the limitation period in this case began to run in June 1978, two months prior to James Wyness' death, when Mary Wyness knew the nature of her husband's illness. This contention misapplies the law to the instant action in a manner approaching the absurd.

While it is true that the mere fact of a death is not enough to trigger a wrongful death action, by no means does that inversely imply that a wrongful death action may accrue *prior* to death. Rather, it means that such deaths as result from the wrongful actions of another, wrongful actions that would have allowed the deceased to maintain an action in his own name had he lived, fall within the boundaries of the Wrongful Death Act. *Mooney*, 239 Ill. at 423.

*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, relied upon by appellants, does discuss application of the discovery rule. In *Nolan*, this court held that, "when a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused, the statute begins to run and the party is under an obligation to inquire further to determine whether an actionable wrong was committed." (*Nolan*, 85 Ill. 2d at 171.) *Nolan* is distinguishable from the case before us despite the fact that it also deals with an asbestos-related injury; unlike the instant wrongful death action, *Nolan* was a personal injury action brought by a plaintiff who died while the case was pending and whose administratrix continued the case pursuant to the provisions of the survival statute. (*Nolan*, 85 Ill. 2d at 164.) Because the deceased in *Nolan* had first become aware of a health problem in 1957 when he suffered from shortness of breath, resolution of the case required a determination of decedent's knowledge sufficient to trigger the running of the statute of limitations under the personal injury statute. This court held that the statute of limitations was triggered when there was both knowledge of

an injury and knowledge of its wrongful cause. *Nolan*, 85 Ill. 2d at 171.

Appellants argue that because Mary Wyness knew in June 1978 of her husband's lung cancer caused by exposure to asbestos, she had knowledge of both injury and wrongful cause; such knowledge of injury and its wrongful cause therefore precluded a court from hearing a suit not initiated until August 1980. In their zeal to limit potential liability, appellants have become ensnared by semantics and have mixed the proverbial apples with the oranges.

The discovery rule does not alter the fact that the Wrongful Death Act, first enacted in 1853, created a *new* cause of action for *death*, created to compensate the survivors. Not every death is recompensable. Though it may be aphoristic to say that life assures death, humanity has not yet become so omniscient as to know the exact moment of death, even in cases of terminal illness. Death is a universal reality, whether it results from natural causes or from injuries sustained due to the fault of another. In all probability, it has been with this axiom in mind that courts have applied the discovery rule to cases where a death had occurred some time prior to the discovery of its wrongfully caused nature. Although never addressed by this court, and indeed not now before us, the delay of the running of the limitation period accepted by the appellate court in some districts assures that a wrongful death action may be filed after death when plaintiffs finally know or reasonably should know of the wrongfully caused injury which led to death. Many wrongful death cases have emphasized this "discovery" time. See *Arndt v. Resurrection Hospital* (1987), 163 Ill. App. 3d 209, 213; *Coleman v. Hinsdale Emergency Medical Corp.* (1982), 108 Ill. App. 3d 525, 529-31; *Fure v. Sherman Hospital* (1978), 64 Ill. App. 3d 259, 272;

*Praznik v. Sport Aero, Inc.* (1976), 42 Ill. App. 3d 330, 337.

Our court need not comment on the cited appellate cases in order to discuss applicability of the discovery rule; moreover, that the opposite state of events (the mere knowledge of a wrongful injury which may cause death at some uncertain point in the future) must also trigger the running of the wrongful death limitation period does not necessarily or logically follow from this court's decisions on the discovery rule. (See, *e.g., Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 416 (holding that the discovery rule may postpone the starting of the limitation period to that time when plaintiff has knowledge of his injury that would put a reasonable person on inquiry as to whether he has a cause of action); *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 37-40 (same).) One has only to note the veritably miraculous stories of individuals who have been told by physicians that they have just months to live but who defy that prediction and live on for years to realize the folly inherent in initiating a wrongful death action prior to death. The law is not exempt from logical and practical interpretations.

The "injury" which opens the door to initiation of a personal injury suit, as in *Nolan*, is not the same "injury" which opens the door to a wrongful death suit. Though both actions require an individual to have been harmed in some way through the actions of another, this injury at the hands of another is not the sole thread which weaves the fabric undergirding both causes of action. A wrongful death action can only be instituted for the benefit of the next of kin who have suffered an "injury" because a family member has died when that family member's death resulted from an injury wrongfully caused by another. (Ill. Rev. Stat. 1987, ch. 70, pars. 1, 2.) The precipitating "injury" for the plaintiffs

in a wrongful death action, unlike the injury in a personal injury action, is the death; that the death must also be the result of a wrongfully caused injury suffered by the deceased at the hands of another does not alter the analysis. The wrongful injury suffered by the deceased is the distinguishing characteristic of the particular death. This analysis is not against the weight of this court's prior decisions which addressed applicability of the Wrongful Death Act. Implicit in such cases as *Biddy v. Blue Bird Air Service* (1940), 374 Ill. 506, and this court's earlier decision in *Mooney v. City of Chicago* (1909), 239 Ill. 414, 423 (which held that "[i]n suits like this, the cause of action is the wrongful act, neglect or default causing death, and not merely the death itself"), is the fact that not until the death occurred could the court examine whether there was a viable wrongful injury which would permit the case to proceed.

Appellants' argument that a construction which does not trigger the limitation period until the moment of death "invites virtually open-ended liability, effectively destroying foreseeability and finality" is without merit. A wrongful death action must be commenced within two years after death when the deceased had a viable cause of action for wrongful injury. In most cases, an action will be filed within two years after the date of death, as was the situation in the case before us. It cannot be said that allowing a grieving spouse or children two years following the death of a member of their family to learn of or to investigate wrongful injury unduly infringes upon a defendant's ability to defend a suit. This is far from an open-ended liability.

James Wyness discovered just three months before his death that he had lung cancer. Clearly, at the time he died in August 1978, James Wyness had a viable personal injury cause of action. Because this case does not present a situation in which the deceased did not have a

viable personal cause of action at the time of death, as was argued in *Lambert v. Village of Summit* (1982), 104 Ill. App. 3d 1034, we decline Wyness' invitation to overrule that case or to issue an advisory opinion on the outer limits of filing an action under the Wrongful Death Act. See *Howlett v. Scott* (1977), 69 Ill. 2d 135, 143.

Appellants' argument that the time limitation in the Wrongful Death Act is a period of repose is also without merit. This statute uses quite distinctly different language than that found in a statute which unequivocally utilizes a period of repose. For example, medical malpractice actions must be brought within two years of knowledge of the allegedly injurious actions but in no event may a suit be initiated more than four years after the event or act which caused the injury. (See Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a).) It is clear that the legislature knows how to put an absolute and outside limit on a possible action; had the legislature intended the limitation as a period of repose in the Wrongful Death Act then that would be specifically stated. That has not been done; instead, the statute simply says that "[e]very such action shall be commenced within 2 years after the death of such person." (Ill. Rev. Stat. 1987, ch. 70, par. 2.) We will not read into a statute language which is clearly not there.

For the foregoing reasons, we affirm the judgment of the appellate court affirming in part as to the trial court's denial of summary judgment against the administrator, reversing in part as to the trial court's granting of summary judgment against Mary Wyness individually and remanding the case to the circuit court of Cook County.

*Judgment affirmed.*

JUSTICE WARD took no part in the consideration or decision of this case.