IN THE UNITED STATES DISTRICT COURT 
 FOR THE SOUTHERN DISTRICT OF ILLINOIS 

SHANNON DASSIG, individually and as ) 
executrix of STEPHEN KRUEGER, ) 
deceased, ) 
 ) 
 Plaintiff, ) 
 ) Case No. 21-cv-485-SMY 
vs. ) 
 ) 
HONEYWELL INTERNATIONAL, INC., ) 
 ) 
 Defendant. ) 

 MEMORANDUM AND ORDER 

YANDLE, District Judge: 
 Stephen Krueger died from metastatic adenocarcinoma of the colon in 2019. His daughter, 
Shannon Dassig, individually and as executrix on behalf of Krueger, brings this wrongful death 
and property damage action against Defendant Honeywell International, Inc. (“Honeywell”), 
alleging Krueger’s cancer was caused by his exposure to excessive levels of radiative and other 
toxic materials emanating from Honeywell’s facility in Metropolis, Illinois. In the Complaint, 
Plaintiff asserts violations of the Price Anderson Act (“PAA”), 42 U.S.C. § 2210 et seq. (Count I) 
and alleges state law claims of negligence/gross negligence (Count II), ultra-hazardous 
activity/strict liability (Count III), and wrongful death (Count IV) (Doc. 1). 
 Now pending before the Court is Honeywell’s Motion to Dismiss for Failure to State a 
Claim (Doc. 14). For the following reasons, the Motion is GRANTED in part and DENIED in 
part. 
 Background 
 The following facts are taken from Plaintiff’s Complaint and are deemed true for the 
purposes of this motion. See Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008): 
Honeywell and its predecessor operated a nuclear plant on the outskirts of Metropolis, Illinois from 
1959 until late 2017 (the “Plant”). The Plant processed uranium ore into uranium hexafluoride 
(“UF6”). The UF6 generated by the Plant was highly toxic radioactive gas that other facilities 
acquired for purposes of enriching or purifying into fuel for nuclear reactors or bombs. 
Honeywell’s source term (and therefore dose) reporting was vastly underestimated due to the 

faulty and inadequate air monitoring system inside the Plant, its historic underreporting of 
emissions, violations of permits setting allowable emission limits from licensed stacks and vents, 
and worker accounts of regular leaks and spills. Even after operations ceased, the Plant continues 
to leak radioactive and hazardous contamination offsite into the Metropolis community through 
air and groundwater. 
 Decedent Stephen Krueger lived within 0.6 miles of the Plant. He did not know he was 
being exposed continuously for decades to air laden with radioactive particles and toxic chemicals 
blown out of the Plant into Krueger’s home, neighborhood and community. Scientific analysis 
reveals levels of radiation in dust and soil samples from Krueger’s property that far exceed the 

federal annual dose limits established in 10 CFR 20 for protection of the public. Soil sampling 
also reveals substantial levels of contamination to the surrounding environment far in excess of 
what Honeywell reported to federal regulators. 
 Discussion 
 The federal system of notice pleading requires only that a plaintiff provide a “short and 
plain statement of the claim showing that the pleader is entitled to relief.” Fed. R. Civ. P. 8(a)(2). 
However, the allegations must be “more than labels and conclusions.” Pugh v. Tribune Co., 521 
F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the 
claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon 
which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative 
level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937, 
1949 (2009). “A claim has facial plausibility when the plaintiff pleads factual content that allows 
the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” 
Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). 

 Honeywell argues that Plaintiff’s state-law negligence, strict liability and wrongful death 
claims are inconsistent with the PAA and must be dismissed. Honeywell further asserts that 
Plaintiff has failed to state a cognizable claim under the PAA. 
 State Law Claims 
 The Price Anderson Act was enacted in furtherance of the Atomic Energy Act of 1954, 42 
U.S.C. § 2011, et seq., to encourage private investment in nuclear energy by ensuring that public 
funds are available to compensate affected parties in the event of a nuclear incident and to limit 
liability for such nuclear incidents. 42 U.S.C. § 2012; Duke Power Co. v. Carolina Environmental 
Study Group, Inc., 438 U.S. 59, 64-65 (1978). At the time of its enactment, the Atomic Energy 

Act provided for the licensing of privately constructed and operated nuclear power plants that 
would be supervised by the Atomic Energy Commission (now the NRC). Id. at 63. The PAA 
subsequently required such licensed facilities to purchase private liability insurance in exchange 
for indemnification by the federal government for damages more than the amount covered by 
private insurance. Id. 64-5; 42 U.S.C. § 2210(a - c). Through various amendments, the funds used 
to compensate victims were broadened to include indemnification from a fund subsidized by 
nuclear reactor owners. Id. 
 In the Price-Anderson Amendments Act of 1988 (“Amendments Act”), Congress gave 
federal courts original jurisdiction over “any public liability action arising out of or resulting from 
a nuclear incident.” 42 U.S.C. § 2210(n)(2); In re TMI Litigation Cases Consol. II, 940 F.2d 832, 
856-857 (3rd Cir. 1991). The Amendments Act further provides that “the substantive rules for 
decision in such action shall be derived from the law of the State in which the nuclear incident 
involved occurs, unless such law is inconsistent with [the Act].” 42 U.S.C. § 2014(hh). Thus, 
while there appears to be only one recognized federal claim for relief, several state law theories 

can be used to support the claim as long as they are not deemed inconsistent with the Act itself. 
See In re TMI, 67 F.3d 1103, 1106 (3d. Cir.1995); O'Conner v. Commonwealth Edison Co., 13 
F.3d 1090, 1099 (7th Cir. 1994). Generally, courts have held that claims of intentional torts, fraud, 
and negligence are not inconsistent with the PAA. See Wilcox v. Homestake Mining Co, 401 
F.Supp.2d 1196, 1199–1200 (D.N.M. 2005) (collecting cases). Here, Plaintiff’s Complaint alleges 
a PAA cause of action with sub-parts based on state law theories of negligence, strict liability, and 
wrongful death. 
 Negligence/Gross Negligence1 
 To state a claim for negligence under Illinois law, a plaintiff must establish “the existence 

of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury 
proximately caused by that breach.” Buechel v. United States, 746 F.3d 753, 763–64 (7th Cir. 
2014) (citing Thompson v. Gordon, 948 N.E.2d 39, 45 (2011)). Negligence claims are not 
inconsistent with the PAA as long as the standard of care is provided by the federal regulations. 
O’Connor, 13 F.3d at 1105. 
 In this case, Plaintiff has alleged a cause of action for negligence under the PAA utilizing 
the federal regulations as the standard of care. Specifically, Plaintiff alleges violations of the 

1 Illinois does not recognize gross negligence as an independent ground for recovery. See Merit Ins. Co. v. Colao, 603 
F.2d 654, 659 (7th Cir. 1979). Accordingly, to the extent Plaintiff is asserting a separate claim for “gross negligence”, 
the claim is dismissed. 
applicable federal regulations in effect at the time of Honeywell’s operations and that Honeywell’s 
violations proximately caused Plaintiff injuries: 
 Defendant contributed to the Decedent’s overexposure to radiation through actions 
 which contributed to airborne particulate matter containing radionuclides to 
 contaminate the Decedent’s property in excess of 10 C.F.R. § 20.1301, et seq. (and its 
 predecessors) by: (1) failing to properly contain enormous clouds of dust and excessive 
 airborne particulate matter containing radioactive isotopes of uranium, thorium, 
 radium, plutonium and their daughter products, which now contaminate Decedent’s 
 property; and (2) failing to properly design, manage, repair, and operate the Plant. 
 Id. 25-26 ¶ 30. 

Plaintiff has alleged sufficiently stated a negligence action under the Act. Accordingly, 
Honeywell’s motion to dismiss is denied as to Plaintiff’s negligence claim. 
 Ultrahazardous/Strict Liability 
 In Illinois, “[a] defendant who performs an abnormally dangerous or ultrahazardous 
activity is subject to liability for harm to the person, land, or chattels of a plaintiff resulting from 
the activity, although the defendant has exercised the utmost care to prevent the harm.” In re 
Chicago Flood Litig., 176 Ill. 2d 179, 208, 680 N.E.2d 265, 279 (1997), holding modified by 
Andrews v. Metro. Water Reclamation Dist. of Greater Chicago, 2019 IL 124283, 160 N.E.3d 895; 
See Restatement (Second) of Torts § 519, at 34 (1977). 
 Allowing a claim for ultrahazardous/strict liability would be inconsistent with the PAA and 
would create the possibility that Honeywell would meet the federal standard of care mandated, but 
still be held strict liable under Illinois state law. See Wilcox, 401 F.Supp.2d at 1201; Koller v. 
Pinnacle West Capital Corp., 2007 WL 446357, at *3 (D. Ariz. Feb. 6, 2007) (granting motion to 
dismiss strict liability count); McLandrich v. So. Cal. Edison Co., 942 F.Supp. 457, 465 n. 7 (S.D. 
Cal. 1996) (noting that “applying the ‘ultrahazardous activities' doctrine here would be clearly 
inconsistent with the Price–Anderson Act.”); Adkins, 960 F.Supp.2d at 766, 768 (same in uranium 
exposure case). Therefore, Plaintiff’s ultrahazardous/strict liability claim is dismissed with 
prejudice as preempted by the PAA. 
 Wrongful Death 
 The Illinois Wrongful Death Act provides a cause of action, “[w]henever the death of a 
person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such 

as would, if death had not ensued, have entitled the party injured to maintain an action and recover 
damages in respect thereof.” 740 Ill. Comp. Stat. 180/1; Williams v. Manchester, 888 N.E.2d 1, 
10 (2008). The Act “incorporates into the statutory right of action the familiar concepts of tort 
liability – negligence, contributory negligence, and the like.” Williams, 888 N.E.2d at 12. A 
wrongful death action allows the next of kin “to recover damages for their own loss based on the 
wrongful actions of another,” and “is premised on the deceased's potential, at the time of death, to 
initiate an action for injury.” Wyness v. Armstrong World Indus., Inc., 546 N.E.2d 568, 571 (1989). 
 Here, Plaintiff’s wrongful death claim is based on Honeywell’s alleged negligence in 
violating the applicable federal regulations by, among other actions, emitting enough uranium to 

cause a dose at Decedent’s property in excess of federal limits. Given that Plaintiff’s negligence 
action is not inconsistent with the PAA, the wrongful death claim also survives. 
 The Price Anderson Act 
 A plaintiff must establish four elements to prevail on a claim under the PAA: (1) defendant 
released radiation into the environment in excess of federal regulatory limits; (2) plaintiff was 
exposed to this radiation; (3) plaintiff has injuries; and (4) radiation was the cause of those injuries. 
See In re TMI, 67 F.3d at 1119. Honeywell argues that Plaintiff has failed to state a cognizable 
claim under the PAA because: (1) Plaintiff fails to allege that Decedent was exposed to radiation 
in excess of the Nuclear Regulatory Commission (“NRC”) qualifying radiation dose limits; (2) 
Plaintiff has failed to plead exposure in terms of a “total effective dose equivalent” (“TEDE”) – 
which Honeywell maintains is “a necessary element of a PAA claim”; and (3) Plaintiff failed to 
plead actually exposure to an NRC-defined qualifying level of radiation. 
 Honeywell’s arguments place a higher burden on Plaintiff than required under the federal 
rules. It cites O’Conner v. Commonwealth Edison Co., 13 F.3d at 1105 and Carey v. Kerr-McGee 

Chem. Corp., 60 F.Supp.2d 800, 811 (N.D. Ill. 1999) for the proposition that failure to plead 
specific exposures that exceed the NRC-defined limits is a basis for dismissal. In O’Connor, the 
Seventh Circuit affirmed summary judgment for the defendant because plaintiff could not show 
that federal safety standards regarding permissible radiation doses were exceeded. O’Conner, 13 
F.3d at 1107. Similarly, Carey was also decided on summary judgment after extensive discovery 
failed to establish evidence that defendant exceeded the federal dose limits. Carey, 60 F.Supp.2d 
at 811. 
 True, Plaintiff will ultimately need to prove exposure to radiation in excess of the 
maximums established by the federal safety regulations to prevail on a PAA claim. But, at the 

pleading stage, Plaintiff is not required to identify the specific doses and regulations underlying 
the alleged violations. See Johnson v. Wattenbarger, 361 F.3d 991, 994 (7th Cir. 2004) (“the 
federal rules do not require plaintiffs to plead either facts or law.”). F.R.C.P. 8 only requires notice 
pleading, and Plaintiff’s allegations are more than adequate to put Honeywell on notice of the 
claims asserted against it. Viewed in the light most favorable to Plaintiff, the Complaint states a 
viable claim. 
 Conclusion 
 For the foregoing reasons, Defendant Honeywell International, Inc.’s Motion to Dismiss 
(Doc. 14) is GRANTED as to Plaintiffs ultrahazardous/strict liability claim and otherwise 
DENIED. 

 IT IS SO ORDERED. 
 DATED: October 5, 2022 Gale 
 STACI M. YANDLE 
 United States District Judge 

 Page 8 of 8