### MALONEY et al. v. SPENCER.
### No. 11834.

United States Court of Appeals
Ninth Circuit.
Oct. 8, 1948.

Theron LaMar Caudle, Asst. Atty. Gen., Sewall Key, George A. Stinson, and S. Dee Hanson, Sp. Assts. to the Atty. Gen., Henry L. Hess, U. S. Atty., and Victor E. Harr, Asst. U. S. Atty., both of Portland, Or., and Thomas R. Winter, Sp. Asst. to the U. S. Atty., of Seattle, Wash., for appellants.

Robt. T. Jacob and Randall S. Jones, both of Portland, Or., for appellee.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and McCORMICK, District Judge.

ORR, Circuit Judge.

■ C. B. Spencer, now deceased, instituted, as plaintiff, an action against J. W. Maloney, United States Collector of Internal Revenue for the District of Oregon, as defendant, for refund of taxes alleged to have been illegally collected. Judgment was rendered in favor of plaintiff on the 24th of June, 1947. Plaintiff died August 13, 1947. The cause of action survived. Defendant filed a notice of appeal from said judgment September 19, 1947. No substitution of parties plaintiff was attempted in the district court. Defendant had no notice of the death of plaintiff before he filed the notice of appeal. Grace Neff Spencer was appointed administratrix of the estate of C. B. Spencer on August 19, 1947, one month prior to the filing of the notice of appeal. The notice of appeal was served upon the attorneys of record for the plaintiff in the trial court. The same attorneys now represent the admininstratrix in the probate proceedings in the state court.

■ The administratrix has filed a suggestion of death in this court and, appearing specially, has moved to dismiss the appeal on the ground that at the time of filing the notice of appeal, no substitution of the administratrix had been made; therefore, there being no party against whom the notice of appeal could operate no jurisdiction was conferred upon this court to entertain the appeal. We do not agree. We think the notice of appeal in and of itself, when filed in time, performs the function of transferring jurisdiction of the cause from the trial to the appellate court without regard to existing or probable future appellees. To acquire jurisdiction of the parties substitution is necessary.

Rule 73(a), Federal Rules of Civil Procedure, 28 U.S.C.A., provides that an appeal is taken by filing with the district court a notice of appeal. Rule 73(b) provides that the notice shall specify the parties taking the appeal, shall designate the judgment or part thereof appealed from, and shall name the court to which the appeal is taken. Nothing is said concerning the naming of the adverse parties.

■ Provision is then made for service of the notice of appeal on parties to the judgment by mailing a copy to the attorney of record. Notification thus made is sufficient notwithstanding the death of the party or attorney before service is made. It seems improbable that in making the provision for the validity of the service notwithstanding the death of the party or

attorney the rule-making power was providing alone for those rare instances where death of the party or attorney might occur between the giving of the notice of appeal and the service thereof. It is probable they were thinking of the contingency of death as it might affect the taking of the appeal from the time of the rendition of the judgment. The controlling interests of those in whose favor the judgment ran is that they have notice that an appeal had been taken. The controlling interest of the parties taking the appeal is they have an opportunity to exercise that right irrespective of the changed conditions of the judgment creditor and to guard against losing it by the contingency of death which might well occur at a time when it would be impossible to get the necessary appointment of a representative of the estate and a substitution made before the expiration of the time for filing the notice of appeal.

The jurisdictional feature, insofar as the appeal is concerned, seems to be that the notice of appeal should have been filed within the time limited. We think support for this view may be found in the case of Gilbert v. Hopkins, 4 Cir., 198 F. 849, 851. The facts in that case are entirely different. However, it was there held that the omission of a party does not affect the validity of the appeal, and pointed out that the omitted party might be brought in later. In the instant case the administratrix, the omitted party, can be substituted.

This court, in the case of McNeil v. McNeil, 9 Cir., 170 F. 289, 291, refused to dismiss an appeal from an order dismissing an action after the death of one of the parties thereto and before a substitution had been made. The administrator moved to dismiss for lack of jurisdiction. This court denied the motion on the ground of ratification and adoption of the decree in the district court. However, this court must of necessity have found that it had jurisdiction of the appeal by reason of the notice of appeal. Jurisdiction could not have been conferred by consent or appearance of the administrator, or an act of ratification or adoption of the decree. The notice of appeal was given under conditions precisely as exist here, death before the filing of the

notice of appeal and no substitution of the administrator.

The motion to dismiss is denied.

Appellant has moved this court for an order substituting the administratrix of the estate of C. B. Spencer, deceased, as appellee. This court having authority to make such orders as are necessary to the exercise of its appellate jurisdiction, and being unable to proceed without the necessary parties before it, the motion to substitute the administratrix of the estate of C. B. Spencer, deceased, as appellee, is granted.