(No. 45641)

BERNARD FERAK, Special Admr., Appellee, v. ELGIN, JOLIET & EASTERN RAILWAY COMPANY, Appellant.

*Opinion filed November 30, 1973.*

HARLAN L. HACKBERT, of Chicago (HACKBERT, ROOKS, PITTS, FULLAGAR and POUST, of Chicago), for appellant.

PHILIP E. HOWARD and JEROME H. TORSHEN, LTD., both of Chicago (JEROME H. TORSHEN and ROBERT F. BERREY, of counsel), for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Michael Ferak suffered injuries while employed by defendant railroad as a yard worker and brought this suit under the Federal Employers' Liability Act (45 U.S.C. sec. 51 *et seq.*). He died on May 6, 1965, and on October 27, 1969, his death was suggested of record in the trial court and his son, Bernard Ferak, as special administrator, was substituted as plaintiff. Judgment for $75,000 was entered upon a jury verdict for plaintiff. The Appellate Court for the First District affirmed (9 Ill. App. 3d 199), and we granted leave to appeal.

Defendant's arguments here are twofold: (1) that the action commenced by the decedent did not survive for the benefit of his adult, nondependent son, and (2) that the survival action was barred by failure to substitute the special administrator as party plaintiff within three years after decedent's death. Defendant concedes that its first contention would necessitate our overruling *Jensen v. Elgin, Joliet and Eastern Ry. Co. (1962), 24 Ill.2d 383,* and vigorously urges us to do so.

Section 1 of the Act (section 51 of Title 45) creates two causes of action, one by the employee for negligent injury to him, and, in the event of his death from such injury, an additional cause of action "to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee ***." Section 9 of the Act (section 59 of Title 45) provides for the survival of the employee's right of action in the following terms:

> "Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury."

In *Jensen* we pointed out the distinction between these actions, insofar as the right of an adult, nondependent child to maintain them is concerned. Quoting *Michigan Central R.R. Co. v. Vreeland, 227 U.S. 59, 57 L. Ed. 417*: " 'This [action for wrongful death] cause of action is independent of any action which decedent had, and includes no damages which he might have recovered for his injury if he had survived. [***] It is a liability for the loss and damage sustained by relatives dependent upon. the decedent. It is therefore a liability for the pecuniary damages resulting to them, and for that only' ", and citing

*St. Louis, Iron Mountain & Southern Ry. v. Craft, 237 U.S. 648, 59 L. Ed. 1160,* and *Gulf, Colorado & Santa Fe Ry. Co. v. McGinnis, 228 U.S. 173, 57 L. Ed. 785,* we noted that the basis of liability under the wrongful death action is the direct wrong to the beneficiaries in causing their pecuniary loss, and that, if a child had suffered no pecuniary loss, then he had not been damaged and no basis of liability existed. We then stated: "The basis for liability for an action which survives under section 9 is, on the other hand, the wrong to the injured employee and the measure of damages is his personal loss and suffering before he died. [Citation.] Thus, the basis of liability and measure of damages that may operate to prevent some children from recovering under the wrongful death provisions of section 1 are not present in an action which survives under section 9. We are of the opinion that the word 'children' has its ordinary dictionary meaning in both sections 1 and 9." We further noted that construing the word "children" to mean "minor, dependent children" as the appellate court had there done unnecessarily restricted the class of beneficiaries, a restriction existing in the wrongful death action only because of the nature of that action. Clearly, it has been the inability of nondependent children to demonstrate loss under this section that has precluded their recovery and not any statutory or judicial restriction placed upon children in the class for whom relief is created. (24 Ill.2d 383, 385-86.) We adhere to *Jensen's* interpretation of sections 1 and 9, and our conclusion is in no way altered by the result reached by the Missouri Supreme Court in the case of *Auld v. Terminal R.R. Association (Mo. 1970), 463 S.W.2d 297, cert. denied, 401 U.S. 940, 28 L. Ed. 2d 220, 91 S. Ct. 938,* cited by defendants. *Auld* dealt with two nondependent sisters and a brother of the deceased who sought damages for his wrongful death. Obviously their recovery was properly denied since they were not "next of kin dependent upon such employee" as explicitly required by the statute.

Nor do we find merit in defendant's second contention. It is conceded that the original action was timely filed by decedent; it is the lapse of time between decedent's death and the substitution of his son and special administrator of the estate as plaintiff of which defendant complains. However, both Federal and Illinois procedural rules contemplate only delay between the suggestion of death to the court and the substitution of parties; the date of actual death is not a factor under either Rule 25(a)(1) of Federal Rules Civil Procedure or section 54(2) of the Illinois Civil Practice Act. In this case, both the suggestion of death and the substitution occurred on the same day, and, while we view the delay in substituting parties as undesirable, we find no basis here to conclude that the survival action is barred.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*