CHARLES SICKLER, Plaintiff, *v.* NATIONAL DAIRY PRODUCTS CORPORATION, *et al.*, Defendants-Appellees.—(JOHNNIE SICKLER, Ex'r of the Estate of Charles Sickler, Deceased, Appellant.)

Fourth District   No. 13192

Opinion filed May 20, 1976.

CRAVEN, J., dissenting.

Joseph T. McGuire, of Perz and McGuire, of Chicago, for appellant.

Harold A. Baker and Arthur D. Nicol, both of Champaign, for appellee Humko Products Division.

T. G. Knappenberger, Jr., of Champaign, for appellee Wesley Construction Company.

Phillips, Phebus, Tummelson & Bryan, of Urbana (Hurshal C. Tummelson, of counsel), for appellee Harlan E. Moore and Co.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff filed an action under the Structural Work Act. After plaintiff's death was suggested of record and the statutory period for substitution had expired, defendants filed motions to dismiss. These motions were granted. A motion by the executor of plaintiff's estate to be substituted as plaintiff was denied. The executor has appealed. We affirm the trial court.

Two issues have been presented: (1) Whether dismissal was proper

under section 54(2) of the Civil Practice Act, and (2) Whether the action survived plaintiff's death. In view of our resolution of the first issue we do not find it necessary to decide whether a cause of action under the Structural Work Act abates upon the death of the plaintiff, when the death is not the result of the injury complained of in the action.

Plaintiff, Charles Sickler, died on August 5, 1974. Defendant Wesley Construction Company (Wesley) filed a suggestion of the death of the plaintiff on August 21, 1974. Notice of this was served on plaintiff's attorney and the other parties. No action was taken by plaintiff's attorney to substitute a proper party until 91 days after the death was suggested. On November 22, 1974, notice of a motion to substitute Johnnie Sickler, executor for the estate of Charles Sickler, as plaintiff was sent to the defendants' attorneys. The notice stated the motion was scheduled for hearing on November 27, 1974. However, that hearing was not held, and the motion was not filed in the trial court.

On December 12, 1974, Wesley served notice on all parties of a hearing to be held on its motion to dismiss on December 17, 1974. On that date, Wesley filed the motion and a hearing was held. The only party who appeared was Wesley. The motion alleged two grounds for dismissal: failure to substitute a proper party as plaintiff and abatement of the action upon the death of the plaintiff. The trial court granted the motion.

On December 20, 1974, National Dairy Products (hereinafter Humko) and Harlan E. Moore and Co. filed similar motions to dismiss. On December 23, 1974, the court made a docket entry allowing the motion of Harlan E. Moore and Co. The docket entry stated "See Order", but no written order was made.

On January 16, 1975, plaintiff's attorney filed a motion requesting substitution of Johnnie Sickler, executor for the estate of Charles Sickler, as plaintiff. Also filed was a motion to vacate the dismissal of Wesley. Attached to the motion was an affidavit by plaintiff's attorney which stated that there was a delay in opening the estate of Charles Sickler because his death occurred in Texas and decedent's wife required hospital care after the death. Also it was stated that the attorney did not proceed with the motion originally scheduled for November 27, 1974, because Johnnie Sickler (apparently the widow of Charles) would not receive final approval as executor until December 30, 1974. A hearing on the several motions was had on January 16, 1975. Pursuant to the trial court's direction the parties filed memoranda and authorities. The executor's memorandum stated that plaintiff's attorney had intended to contest Wesley's motion to dismiss, but, through inadvertence, the attorney's letter to Wesley, stating this, was not received until after the hearing on December 17, 1974. No reason was given by plaintiff's attorney for not appearing in court on that date.

The court filed an opinion on February 25, 1975. The opinion held that the cause of action did survive but that the motions to dismiss were granted because of the failure to make a timely substitution of a proper party after the death of plaintiff was spread of record.

Section 54(2) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, sec. 54(2)) states in pertinent part:

> "Death. If a party to an action dies and the action is one which survives, the proper party or parties may be substituted by order of court upon motion. If a motion to substitute is not filed within 90 days after the death is suggested of record, the action may be dismissed as to the deceased party.
>
> If the death of a party to a personal action is suggested of record and no petition for letters of office for his estate has been filed, the court, upon motion and after such notice to the party's heirs, legatees or devisees as the court directs, and without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action. If a legal representative is appointed for the estate before judgment is entered, and his appointment is suggested of record in the action, the court shall order that he be substituted for the special administrator."

The trial court's opinion stated and all the parties agree that dismissal is not mandatory but a matter of discretion with the trial court.

■■ The question on review therefore is whether the trial court abused its discretion. We would reverse only upon a clear showing that an abuse of discretion did occur. *Smith v. Smith,* 36 Ill. App. 2d 55, 183 N.E.2d 559.

The parties cite no cases, nor did our research reveal any, where this exact issue has been presented. As is candidly pointed out in the executor's brief, the cases cited therein are not on point. In *Ferak v. Elgin, Joliet & Eastern Ry. Co.,* 55 Ill. 2d 596, 304 N.E.2d 619, a substitution allowed four years after the death of plaintiff was affirmed. However, the substitution was made the same day death was suggested of record. As the supreme court noted, the statute addresses only delay between suggestion and substitution. The actual date of the death is not a factor. In the other cases cited by plaintiff (*Republic Steel Corp. v. Industrial Com.,* 26 Ill. 2d 32, 185 N.E.2d 877; *White v. White,* 28 Ill. App. 2d 19, 169 N.E.2d 839) section 54(2) was not involved.

The executor argues that the permissive language of section 54(2) allows flexibility for the trial court to see that substantial justice is done under a wide variety of fact situations. We are well aware of that policy, as was the trial court. However, under the circumstances presented here, there was no abuse of discretion by the trial court in granting the defendants' motion to dismiss. No action of record was taken by the

executor until 147 days after death was suggested of record. The attorney offered excuses, but he took no action until 91 days after death was suggested, when he mailed notice of a hearing to defendants' attorneys, but such hearing was not even held.

Section 54(2) provides for appointment of a special administrator if an estate has not been opened. This was not attempted. If this was thought to be a waste of time as an executor would soon be approved, a request for a continuance under section 59 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 59) could have been made. It was not.

■■ The legislature specifically provided for a time limitation of 90 days as a reasonable period within which the family and heirs of the plaintiff can decide whether to continue and can take the simple action of requesting leave to substitute. Notice of the suggestion of death of record was given. Unless the time limitation is to be meaningless, action must be taken within that time unless some affirmative excuse is shown. The trial court found that the excuses offered were not sufficient. Under these circumstances this was not an abuse of discretion. In addition, we note that this action was filed in 1969 but that as far as the record shows plaintiff had taken no action in the case since 1971.

The order of the Circuit Court of Champaign County is affirmed.

Affirmed.

TRAPP, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

I am unable to agree with my colleagues upon the substantive and procedural issues found in this case.

On December 17, 1974, the defendant Wesley Construction Company filed its motion to dismiss upon the basis that the death of the plaintiff had been suggested of record and no motion for substitution had been filed and upon the further basis that the cause of action had abated. The court granted the motion in a judgment order, final in form. That order was entered on December 18. At that time, there were other parties defendant and the trial court did not then nor later make a finding regarding appealability by one of multiple defendants as contemplated and required by Supreme Court Rule 304 (Ill. Rev. Stat. 1973, ch. 110A, par. 304).

Thereafter, on December 23, the court granted a like motion of the defendant Harlan E. Moore and Company. The docket entry was to the effect that the case was dismissed and the cause stricken; and the entry was followed by the phrase "see order." There is no order. It seems reasonable to conclude that under Rule 272 (Ill. Rev. Stat. 1973, ch. 110A,

par. 272) there is not now nor was there then a final judgment. Here again, there was no finding under Rule 304.

There were subsequent proceedings by motions and countermotions, all preceding the notice of appeal. The procedural defects above alluded to are not cured by the subsequent proceedings.

Upon the merits, this case is concerned with an alleged cause of action for injuries that occurred on February 20, 1968. The complaint was filed in July 1969, and apparently nothing was done until some two years thereafter. The plaintiff died on August 5, 1974, and the suggestion of his death was filed by one of the defendants in August 1974. The proof of service shows that only counsel for the other defendants and counsel for the then-deceased plaintiff were given notice of the filing of the suggestion of death.

I recognize that the sanction to be employed is discretionary with the trial court. Upon the basis of this record, I believe that the sanction that was employed was too severe.