**FIRST STATE BANK OF NORTHERN CALIFORNIA et al., Plaintiffs-Appellants,**

**v.**

**BANK OF AMERICA, N.T. & S.A., et al., Defendants-Appellees.**

**FIRST STATE BANK OF NORTHERN CALIFORNIA et al., Plaintiff-Appellants,**

**v.**

**BANK OF AMERICA, N.T. & S.A., et al., Defendants-Appellees.**

**Nos. 78–1664, 77–3486.**

United States Court of Appeals, Ninth Circuit.

May 12, 1980.

Rehearing Denied June 19, 1980.

Thomas R. Fahrner, Furth, Fahrner & Wong, San Francisco, Cal., for First State Bank.

Tyler B. Pon, San Francisco, Cal., argued for defendants-appellees; George A. Cumming, San Francisco, Cal., Everett B. Clary, Los Angeles, Cal., Jeffrey W. Shopoff, Randall P. Borcherding, San Francisco, Cal.

Before BROWNING, TRASK and GOODWIN, Circuit Judges.

PER CURIAM.

First State Bank of Northern California (FSB) appeals the district court's dismissal of its action based upon antitrust, constitutional, and pendent state law claims against the California Superintendent of Banking and eight banks. The district court held that FSB, then in receivership, had no standing to bring the action. We affirm.

On May 21, 1976, Carl Schmitt, the California Superintendent of Banking, acting pursuant to California law, Cal.Fin.Code § 3100, took possession of the property and business of FSB. The superintendent ordered liquidation and appointed the Federal Deposit Insurance Company (FDIC) as receiver, pursuant to Cal.Fin.Code § 3221, 12 U.S.C. § 1821(e). The FDIC, after calling for bids, sold certain assets of FSB to Lloyd's Bank. The FDIC sold the remaining assets to itself, as authorized by Cal.Fin. Code § 3225. The Superior Court of Alameda County approved the FDIC's transac-

tions that day, and that judgment was later affirmed by the California district court of appeal in an unpublished opinion.

FSB, acting pursuant to Cal.Fin.Code § 3101, sought in the superior court to enjoin the superintendent from proceeding with the liquidation, but later voluntarily dismissed that action.

■ Under California law, the receiver (first Schmitt then the FDIC) became the real party in interest, entitled to enforce any causes of action of the bank in receivership. The broad powers and responsibilities which the Financial Code delegates to the receiver make this clear. *See, e. g.,* §§ 3104, 3109–3113. *Cf. Isaac v. Marcus,* 258 N.Y. 257, 179 N.E. 487 (1932). (Similar New York statute gives liquidator paramount right to sue.) *See* Vol. 2, Clark, Law of Receivers, p. 944, § 579 (3d ed. 1959). FSB could have contested the receivership but failed to do so, and thereby waived its objection to the liquidation of its affairs. *State Savings Bank v. Anderson,* 165 Cal. 437, 132 P. 755 (1913), *aff'd mem.,* 238 U.S. 611, 35 S.Ct. 792, 59 L.Ed. 1488 (1914).

FDIC, under the purchase agreement approved by the California courts under state law, Cal.Fin.Code §§ 3108, 3110, 3110.1, 3223, now owns the choses in action which belonged to FSB before its liquidation. FSB is not the real party in interest, and has no standing to bring this claim. *See* F.R.C.P. 17(a).

FSB argues that it acquired standing because although not naming the FDIC as a defendant, the complaint alleged that the FDIC conspired with the defendant banks to put FSB out of business. FSB attempts an analogy to the standing of stockholders to bring derivative suits when the stockholders challenge transactions in which they allege complicity of the board of directors. Assuming arguendo that the analogy has relevance, it fails because FSB's allegations of conspiracy—it claims FDIC conspired to insure a closed bid and to insure the acceptance of Lloyd's bid—are general and conclusory and find no support in the record.

Affirmed.