**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERSTATE MATERIAL CORPORATION, Respondent.**

No. 89–1340.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 18, 1991.

Decided April 12, 1991.

---

Paul J. Spielberg, Joseph Oertel, William Wachter, N.L.R.B., Washington, D.C., Harvey A. Roth, N.L.R.B., Region 13, Chicago, Ill., Aileen A. Armstrong, N.L.R.B., Appellate Court, Enforcement Litigation, Washington, D.C., for petitioner.

Barbara Revak, Rufus Cook, Chicago, Ill., for respondent.

Before POSNER, COFFEY and MANION, Circuit Judges.

POSNER, Circuit Judge.

In an unpublished decision we enforced an order by the National Labor Relations Board finding that Interstate Material Corporation had unlawfully repudiated a collective bargaining agreement and directing Interstate to cease and desist. *NLRB v. Interstate Material Corp.*, (7th Cir.1990), 902 F.2d 37 (tab.). Suspecting that Interstate might be violating the order by dissolving itself and then reconstituting itself under another name, the Board some months later asked us for a supplementary order compelling Interstate to submit to discovery in order to determine whether there has been a violation. We referred the request to Magistrate Weisberg, as special master, to advise us. He has submitted a report in which he recommends that the Board's request be denied. We agree.

When we enforce an order of the Labor Board, that order becomes an order of this court, enforceable by proceedings in this court for contempt. 29 U.S.C. §§ 160(e), (f); *Amalgamated Utility Workers v. Consolidated Edison Co.*, 309 U.S. 261, 270, 60 S.Ct. 561, 565, 84 L.Ed. 738 (1940); *NLRB v. P\*I\*E Nationwide, Inc.*, 894 F.2d 887, 890 (7th Cir.1990);

*NLRB v. Union Nacional de Trabajadores*, 611 F.2d 926, 928 (1st Cir.1979); *NLRB v. Brooke Industries Inc.*, 867 F.2d 434 (7th Cir.1989) (chambers opinion). Although the Federal Rules of Civil Procedure do not apply to cases in the courts of appeals, Fed.R.Civ.P. 1; *Cooter & Gell v. Hartmax Corp.*, —— U.S. ——, 110 S.Ct. 2447, 2461–62, 110 L.Ed.2d 359 (1990), we have power under the All Writs Act, 28 U.S.C. § 1651, to issue such writs, orders, and other process as may be necessary to our conduct of such proceedings, including, in appropriate cases, orders compelling discovery aimed at finding out whether one of our orders is being violated. However, for reasons explained in *NLRB v. Steinerfilm, Inc.*, 702 F.2d 14 (1st Cir.1983), and nowhere answered in the Board's brief in opposition to the magistrate's recommendation, it is a power to be exercised sparingly. We are not a trial court and are not well equipped to supervise discovery proceedings. The Board, on the other hand, not only has broad investigative power under section 11 of the National Labor Relations Act, 29 U.S.C. § 161, which it can use to determine whether a respondent named in one of its orders may be violating the order, *NLRB v. Steinerfilm, Inc., supra,* 702 F.2d at 15; *NLRB v. C.C.C. Associates, Inc.*, 306 F.2d 534, 538–39 (2d Cir.1962), but the Board's exclusive authority to institute contempt proceedings for violations of its orders (*Amalgamated Utility Workers v. Consolidated Edison Co., supra,* 309 U.S. at 270, 60 S.Ct. at 565) makes it in effect a prosecutor, obliged like other prosecutors to use its investigatory powers before instituting a judicial proceeding. The proper division of responsibilities between agency and court is thus as follows: The Board should use its investigative power to establish probable cause to believe that the respondent is in contempt. If, after contempt proceedings are instituted, (further) discovery is necessary, we may then order it, *NLRB v. Deena Artware*, 361 U.S. 398, 404, 80 S.Ct. 441, 444, 4 L.Ed.2d 400 (1960), using the civil rules to give body and detail to the generalities of the All Writs Act.

Judicial proceedings, supplementary or otherwise, should be a last resort, not a first one. A party is not entitled to invoke discovery to obtain information that it can obtain without discovery. The Board has greater information-gathering powers than private litigants have and, for aught that appears, can use those powers to obtain everything it seeks from an order compelling discovery. It should use those powers before imposing on the time of a federal court that, by virtue of being an appellate tribunal, is peculiarly ill equipped to do the Board's work for it.

The Board's motion to compel discovery is

DENIED.