**Dennis ANDERSON, Plaintiff–Appellee,**

v.

**Gilberto ROMERO and Arthur Douglas, Defendants–Appellants.**

No. 94–1251.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 22, 1994.

Decided Dec. 21, 1994.

Jerold S. Solovy (submitted), Joel J. Africk, Ruth A. Bahe–Jachna, Stephen L. Wood, Jenner & Block, Chicago, IL, for plaintiff-appellee.

Thomas L. Ciecko, Deputy Atty. Gen., Office of the Atty. Gen., Crim. Appeals Div., Daniel N. Malato, Asst. Atty. Gen., Civ. Appeals Div., Susan Takata O'Leary, Illinois Dept. of Corrections, Chicago, IL, for defendants-appellants.

Before POSNER, Chief Judge, and CUMMINGS and KANNE, Circuit Judges.

POSNER, Chief Judge.

Dennis Anderson, an inmate of an Illinois state prison, brought suit under 42 U.S.C. § 1983 against prison officials who, he claimed, had inflicted cruel and unusual punishment on him, had violated other federal constitutional rights of his as well, and had also violated his common law right of privacy and committed other common law torts upon him. The defendants moved to dismiss the suit on the ground that they had a qualified immunity from suit. The judge denied the motion, and the defendants appealed to this court, as was their right. *Mitchell v. Forsyth*, 472 U.S. 511, 524–30, 105 S.Ct. 2806, 2814–18, 86 L.Ed.2d 411 (1985). While this appeal was pending, Anderson died in the prison. We were not informed of this event until six weeks later, when the defendants filed a suggestion of death of the plaintiff in which they asked us to dismiss the appeal on the ground that, since the plaintiff was dead and no personal representative of the plaintiff had been appointed, as authorized by Fed.R.App.P. 43(a), the case was moot. The defendants also argued that the kind of claims that the plaintiff had made might not be the kind that survive a plaintiff's death.

If all the defendants wanted to do was to dismiss their appeal, they would not have to argue that it is moot. It is their appeal. They can dismiss it if they want, subject to appropriate conditions not here sought. Fed.R.App.P. 42(b). They want more. They want us to order the entire lawsuit dismissed on the ground that it has been rendered moot by the plaintiff's death.

The "personal representative" to which Rule 43(a) refers will ordinarily be the execu-

tor or administrator of the deceased plaintiff's estate. *Ferak v. Elgin, Joliet & Eastern Ry.*, 55 Ill.2d 596, 304 N.E.2d 619 (1973); *Bennett v. Tucker,* 827 F.2d 63, 68 (7th Cir. 1987). Anderson we may assume died without a will, as there is no reference in the papers to a will or to an executor. In such a case, the court in which the suit is pending "may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action." 735 ILCS 5/2–1008(b). The administrator will be prosecuting the suit not on his own behalf, of course, but on behalf of the deceased plaintiff's estate, and hence ultimately on behalf of the heirs and any other claimants to the estate, such as his creditors. *Wyness v. Armstrong World Industries, Inc.,* 131 Ill.2d 403, 137 Ill.Dec. 623, 625–26, 546 N.E.2d 568, 571–72 (1989); *Wilmere v. Stibolt,* 152 Ill.App.3d 642, 105 Ill.Dec. 631, 632–33, 504 N.E.2d 916, 917–18 (1987); *Ferak v. Elgin, Joliet & Eastern Ry., supra.*

Anderson's lawyers did not learn of their client's death until the defendants filed the suggestion of death with us. According to their uncontradicted affidavit, they have made diligent efforts to locate a relative of Anderson, but without success. Repeatedly, both in writing and over the telephone, they have asked the Illinois Department of Corrections to furnish them with whatever information it might have that would assist them in finding such a person, but the Department has refused to assist. The Department had in fact written the person who according to its records was Anderson's next of kin, informing that individual of Anderson's death but not advising him (or her—we do not know the sex, let alone the name, of the person the Department wrote) that Anderson had a lawsuit pending when he died. The Department refuses to show the letter to Anderson's lawyers or tell them the name or address of the person to whom it was sent. All this is *admitted* by the defendants, who are represented by the Attorney General of Illinois.

The conduct of the state attorney general appears to constitute, in fact if not in form, an effort to obstruct the administration of justice. The state officials whom he represents are defendants in a federal suit that has sufficient merit to have survived a motion to dismiss on grounds of qualified immunity. The deceased plaintiff apparently does have a next of kin who might wish to go forward with the suit if he or she knew about it; but the defendants' refusal to disclose that person's identity, as well as its refusal to inform the person of the existence of the lawsuit, is perceived by the plaintiff's lawyers as an impediment to their effort to procure a special administrator to prosecute the suit in the deceased plaintiff's place. The plaintiff's lawyers cannot use the discovery procedures of the district court to obtain the information, because the case is no longer in the district court; it is in our court, and Anderson died after the notice of appeal was filed. The information concerning the next of kin came to the defendants in their official capacity as prison administrators; abetted by the highest law enforcement officer of the State of Illinois, they are concealing this information in order to promote their private interest in avoiding being brought to justice for violating a prisoner's federal rights. There is no contention that the information is privileged.

██ All this, although indicative of thoroughly dishonorable behavior on the part of the state's highest legal officer and his assistants, would be moot if the defendants were correct that none of the plaintiff's claims survives his death, so that the suit would have to be dismissed even if a representative were appointed to prosecute it in succession to Anderson. Section 1983 does not mention survival, but 42 U.S.C. § 1988 directs us in such absences to look to state law unless it is inconsistent with federal policy. We held in *Bennett v. Tucker, supra,* that Illinois's rule for personal injury suits—the rule that such suits survive the plaintiff's death unless they are suits for defamation, 755 ILCS 5/27–6— was appropriate for suits under section 1983, which the Supreme Court had analogized to personal injury actions for purposes of choosing the statute of limitations. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The defendants' only response is that "the nature of the claims raised by the plaintiff are [*sic*] not akin to personal injury actions but are similar to and [*sic*] libel and slander motions [*sic*]." We don't have a clue to what the defendants are talking about. It

is true that under Illinois law, as generally, defamation suits do not survive the plaintiff's death, *Tunnell v. Edwardsville Intelligencer, Inc.,* 43 Ill.2d 239, 252 N.E.2d 538, 540 (1969), but Anderson's complaint does not allege defamation or anything like it. *Bennett* itself, moreover, was a discrimination case—so its survivorship rule cannot be limited to "physical" torts—and the Supreme Court in *Wilson v. Garcia* was explicit that all section 1983 claims should be deemed personal-injury suits for purposes of determining the applicable statute of limitations. 471 U.S. at 271–75, 105 S.Ct. at 1944–46.

One of Anderson's common law claims, it is true, is that his right of privacy was infringed. The alleged infringement consists in the defendants' having revealed that Anderson was infected with the AIDS virus (and it was AIDS that killed him while the appeal was pending). An infringement of the common law right of privacy, save in its "publicity" branch not here involved, may indeed not survive the plaintiff's death. *Maritote v. Desilu Productions, Inc.,* 345 F.2d 418 (7th Cir.1965); *Strandell v. Jackson County,* 648 F.Supp. 126, 135 (S.D.Ill.1986); see also *Cordell v. Detective Publications, Inc.,* 419 F.2d 989, 990–91 (6th Cir.1969). But obviously the fact that some of Anderson's claims died with him would not make his entire case moot.

■ Because at least some of the case survives—provided someone is appointed to replace the original plaintiff—we have to decide what to do about the defendants' obduracy in refusing to disclose the name of Anderson's next of kin. There is, of course, a simple if blunt solution well within our power to decree. We could order the Attorney General of Illinois to reveal the name and address of Anderson's next of kin to Anderson's counsel. The authority to issue such an order is given by section 1651(a) of the Judicial Code, which authorizes federal courts to issue all writs that are necessary and proper in aid of their jurisdiction. Although the "all writs act," as section 1651(a) is known, cannot properly be used to circumvent the limitations on discovery, or as a substitute for the rules of discovery, the courts of appeals do not have other discovery powers upon which the use of the act might

trench; nor would the compelled disclosure of the information that the defendants are concealing violate any principles of discovery, such as the rules of privilege. The defendants through their counsel the Attorney General of Illinois seek to defeat the jurisdiction of the federal courts over Anderson's lawsuit by withholding nonprivileged information which Anderson's lawyers believe they need in order to determine whether the suit can continue. We cannot direct the plaintiff's lawyers to utilize the discovery or subpoena powers of the district court to obtain the information, because, to repeat an earlier point, jurisdiction is in this court, not the district court, and the civil rules do not apply to the courts of appeals. An order by us to the defendants to divulge the information sought would be designed to protect the jurisdiction of the district court and, potentially, of this court over this federal lawsuit. *United States v. New York Tel. Co.,* 434 U.S. 159, 172–73, 98 S.Ct. 364, 372–73, 54 L.Ed.2d 376 (1977); *Mississippi Valley Barge Line Co. v. United States,* 273 F.Supp. 1, 6 (E.D.Mo.1967) (3–judge district court) (per curiam), aff'd mem., 389 U.S. 579, 88 S.Ct. 692, 19 L.Ed.2d 779 (1968); *NLRB v. Interstate Material Corp.,* 930 F.2d 4, 6 (7th Cir. 1994). We have no desire for a confrontation with Illinois's attorney general, but we cannot permit a state official or anyone else to use the concealment of nonprivileged information to thwart an assertion of federal jurisdiction.

■ But it is too soon to decree such relief. The next of kin is not essential to the maintenance of this suit. On the contrary, when a claim survives the death of the plaintiff, the claim belongs to the estate, not to the plaintiff's next of kin. *Wilmere v. Stibolt, supra,* 105 Ill.Dec. at 633, 504 N.E.2d at 918. It is only when next of kin sue in their own right, as survivors of the decedent under a statute that vests the right to bring a wrongful-death suit in the survivors, that the willingness of the next of kin to sue is essential to the continuation of the suit. (On the distinction between wrongful-death statutes enforced by the estate and wrongful-death statutes enforced by the survivors, see, e.g., *Robertson v. Wegmann,* 436 U.S. 584, 98

S.Ct. 1991, 56 L.Ed.2d 554 (1978); *Wyness v. Armstrong World Industries, Inc., supra,* 137 Ill.Dec. at 625–26, 546 N.E.2d at 571–72.) The lawyers for Anderson have made clear that they are willing to continue the suit. Fine; in the absence of an executor for Anderson's estate, we hereby appoint them as special administrators in substitution for the deceased. *Bennett v. Tucker, supra,* 827 F.2d at 68. Should they for reasons not immediately apparent require the name of the next of kin to defend against the defendants' appeal, they can seek appropriate relief under the "all writs act." They don't need it yet.

Construing the defendants' suggestion of death as a motion to order the district court to dismiss the suit, the motion is

DENIED.