**Stephen WARD, Plaintiff–Appellant,**

v.

**Cary EDGETON, et al., Defendants–Appellees.**

No. 94–3769.

United States Court of Appeals,
Seventh Circuit.

Submitted June 5, 1995.

Decided July 5, 1995.

Rehearing and Suggestion for Rehearing
En Banc Denied August 1, 1995.

Stephen Ward, Joliet, IL, pro se.

Jessie Wang–Grimm, Office of the Atty. Gen., Chicago, IL, Serge J. Adam, Office of the Atty. Gen., Crim. Appeals Div., Springfield, IL, and Alison E. O'Hara, Office of the Atty. Gen., Civ. Appeals Div., Chicago, IL, for defendants-appellees.

Before POSNER, Chief Judge, and RIPPLE and MANION, Circuit Judges.

POSNER, Chief Judge.

We have before us a sequel, as it were, to *Anderson v. Romero*, 42 F.3d 1121 (7th Cir.1994), another case in which a prisoner died while the appeal was pending and the state asked us to dismiss his suit for failure to prosecute. Rule 43(a) of the Federal Rules of Appellate Procedure provides that when a party dies pending appeal his personal representative may be substituted for him and if he has no personal representative "any party may suggest the death on the record and proceedings shall then be had as the court of appeals may direct." Anderson had counsel who wanted us to order the state to disclose the name of the prisoner's next of kin so that the appeal could continue. We pointed out that those claims that had survived the prisoner's death belonged to his estate rather than to his next of kin and that

Illinois law authorized a court when a party dies during a lawsuit to appoint a special representative to handle the suit on behalf of the estate. The next of kin are not indispensable. We are not an Illinois state court, but 42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983, which this suit is. *Hardin v. Straub*, 490 U.S. 536, 538, 109 S.Ct. 1998, 2000, 104 L.Ed.2d 582 (1989); *Heck v. Humphrey*, 997 F.2d 355, 358 (7th Cir.1993), aff'd on other grounds, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). We appointed Anderson's lawyers as his special representative and said that they could ask us to order the state to divulge the name of the prisoner's next of kin should that be necessary, which it had not yet been shown to be.

This case differs in two respects. First, the state (Illinois again) is no longer being coy about the identity of the next of kin. It has listed them (three women), with their addresses, in an affidavit accompanying its motion to dismiss. Second, the prisoner was proceeding pro se, so we cannot appoint his lawyer to be his special representative to prosecute the appeal on behalf of the estate. What to do? Only one reported case addresses the question, *Gamble v. Thomas*, 655 F.2d 568 (5th Cir.1981). It held that the court of appeals itself should notify the next of kin and if they do not indicate any desire to proceed with the case should dismiss it. We agree wholeheartedly with the first half of the holding and are only a mite skeptical about the second half but need not take a definitive position today on it.

█ In all likelihood the prisoner in our case, Stephen Ward, died intestate; at least the state, which must have inventoried his effects when he died, has made no reference to having found a will among them. If he died intestate, his heirs would be his next of kin, and so they would be the people interested in pursuing the appeal—unless Mr. Ward has importunate creditors, of which there is no indication. If he did have a will, chances are that the principal legatees are, again, his next of kin, so, again, they would be the people interested in pursuing this appeal, if anyone is. In either case—will or intesta-

cy—it is almost certain that if the next of kin are not interested in pursuing Ward's appeal, no one else is. If, therefore, upon being notified of the appeal and of the rules governing substitution, they decide not to pursue the appeal, dismissal for want of prosecution will in all likelihood be the proper course. We say "in all likelihood" rather than "certainly" because there is always a chance that creditors or other claimants to Ward's estate—conceivably even the county where Ward resided (or, if he was not a citizen of Illinois, the county where his personal property was located), to which, under the law of Illinois, the personal property of the estates of people who have no heirs or legatees escheats, 755 ILCS 5/2–1(h), 5/2–2(h), 20/1—would want to pursue the appeal. They would be entitled to do so, because, as we have said, Ward's claim belongs to his estate and not to his next of kin. These are improbable contingencies—especially substitution of the state, which would place the state effectively on both sides of the appeal, a form of hedging that Wall Street might admire for its ingenuity but that Article III of the Constitution would frown on. So improbable that *Gamble*'s solution—dismissal if the next of kin show no interest—makes good pragmatic sense, though it is a slightly irregular course because the decedent's claims belong as we have stressed to his estate rather than to his next of kin.

█ What *is* certain is that the state's motion to dismiss Ward's appeal is premature. The motion would be risible, if death were not involved. The ground of the motion is that there has been no substitution for the party decedent. Ward died on April 3, and the state filed its motion on May 2. We suppose that the next of kin were notified of Ward's death, although this is not stated anywhere in the papers filed by the state; but we have no reason to believe that the next of kin were notified that Ward had an appeal pending in this court. It is unreasonable in these circumstances to have expected them to move to be substituted for him, and equally unreasonable to infer from their failure to file such a motion that they have decided to abandon the suit. We add that we do not know whether the list of next of kin

furnished by the state is accurate or complete, "next of kin" being defined extremely broadly in the escheat statute. See 755 ILCS 5/2–1(g), 20/1.

We direct the clerk of our court to notify the people that the state has represented as being Ward's next of kin of the pendency of the appeal and of the provisions of Fed. R.App.P. 43(a). The notice should indicate, in language intelligible to a nonlawyer, that Ward's next of kin can apply to this court for appointment as his special representatives if they desire to prosecute the appeal, and that if they do not so apply the appeal will in all likelihood be dismissed for failure to prosecute. It should also ask them whether they know of any other relatives of the late Mr. Ward.

So Ordered.