**Richard CARR, Plaintiff–Appellant,**

v.

**Michael O'LEARY and Michael P. Lane, Defendants–Appellees.**

No. 96–3885.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 19, 1999.

Decided March 25, 1999.

John G. Jacobs (submitted), Joshua Karsh, Kevin B. Marsh, Plotkin & Jacobs, Chicago, IL, for Plaintiff–Appellant.

Joel D. Bertocchi, Erik G. Light, Office of the Attorney General, Chicago, IL, for Defendants–Appellees.

Before POSNER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.

PER CURIAM.

In our opinion in the appeal in this case, which was issued on February 4, 1999, we stated, 167 F.3d 1124, 1127–28 (7th Cir. 1999):

the defendants' brief in this court contains a serious misrepresentation. The brief represents Carr as having testified in the prison disciplinary proceedings that he had missed the count because he was asleep. There is no transcript of those proceedings, but the disciplinary committee's summary of the testimony is consistent with Carr's submission in the disciplinary proceeding that he was asleep "when the count bell rang," that he got up, got dressed, went to the door leading downstairs, and found that it was locked and that inmates were milling around in front of it. The purpose of the count bell is presumably to wake up the prisoners, and so the fact that a prisoner is asleep when the bell rings does not imply that he slept through the count. Anyway it would have been impossible for Carr to show up for the count, because of the riot and the instructions of the guards.

It is difficult to believe that this misrepresentation by the state, which goes to the heart of Carr's case on the merits, is innocent. We shall therefore issue to the attorney general's office a rule to show cause why the authors of the brief should not be sanctioned for unethical advocacy. This is especially needful in light of the repeated criticisms of this office that we have made in other cases. See, e.g., *Acorn v. Edgar*, 99 F.3d 261, 262 (7th Cir.1996); *Cooper v. Casey*, 97 F.3d 914, 918 (7th Cir.1996) ("the prob-

lem of inadequate representation of the State of Illinois and its agencies and employees is an old one to which we have frequently drawn attention though as yet without effect"), and cases cited there; *Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir.1994).

The rule to show cause was issued, and on February 18, 1999, the Attorney General responded. On the basis of the response, we are satisfied that the misrepresentation was not deliberate, and we hereby discharge the rule to show cause without imposing a sanction.