Maria **RODRIGUEZ SARMIENTO,**
Plaintiff—Appellant,

v.

Geraldo **RODRIGUEZ SARMIENTO;**
et al., Defendants—Appellees.

No. 02–15025.
D.C. No. CV–97–00874–KSC.

United States Court of Appeals,
Ninth Circuit.

Submitted May 25, 2004.*

Decided May 25, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). By a previous order, submission of this case was deferred pending substitution of party under Fed. R.App. P. 43(a). This matter is now ordered submitted as of the date of the filing of this memorandum.

Eduardo O. Zabanal, Honolulu, HI, for Plaintiff–Appellant.

Michael Lorusso, Esq., Brian A. Kang, Watanabe Ing & Kawashima, Honolulu, HI, for Defendants–Appellees.

Before REINHARDT, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM **

On multiple grounds, Maria Sarmiento appeals the district court's judgment after a bench trial in favor of Gerardo and Rubina Sarmiento. (For clarity, we will refer to these individuals by their first names.) As the parties are familiar with the facts, procedural history, and arguments, we will not repeat them here except as is necessary. We dismiss the appeal for lack of jurisdiction.

### I

■ All federal actions must be prosecuted in the name of the real party in interest. *Fed.R.Civ.P. 17(a).* An appeal that is not prosecuted in the name of the real party in interest must be dismissed for lack of standing. *See Turner v. Cook,* 362 F.3d 1219, 1225 (9th Cir.2004); *First State Bank of N. Cal. v. Bank of Am.,* 618 F.2d 603 (9th Cir.1980).

In this case, the appellant died while the appeal was pending. Under Fed. R.App. P. 43, a substitution of parties must be accomplished. If substitution is not accomplished within a reasonable time, the appeal must be dismissed. *Johnson v. Morgenthau,* 160 F.3d 897, 898–99 (2d Cir. 1998); *Ward v. Edgeton,* 59 F.3d 652, 653–54 (7th Cir.1995); *Crowder v. Housing Auth. of City of Atlanta,* 908 F.2d 843, 846 n. 1 (11th Cir.1990); *Gamble v. Thomas,* 655 F.2d 568, 569 (5th Cir.1981).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

By order of this Court, we granted appellant's counsel considerable time to accomplish the substitution, cautioning that the appeal was subject to dismissal if a substitution of parties could not be accomplished. It has not been accomplished, and we are therefore "unable to proceed without the necessary parties before" us. *Maloney v. Spencer,* 170 F.2d 231, 233 (9th Cir.1948). We cannot decide the appeal when there is no party before us who has standing to pursue the appeal. Nor can we exercise hypothetical jurisdiction. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 93–101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

For these reasons, we must dismiss the appeal for lack of jurisdiction.

## II

The successors-in-interest to this claim are not prejudiced by this dismissal because it would fail on the merits.

■ Maria challenges the district court's grant of the motion excluding evidence of claims against Rubina on two grounds: that the motion was untimely filed and that the claims against Rubina were still valid. Trial courts are given broad discretion in managing their docket, and a court's determination of timeliness is reviewed for abuse of discretion. *United States v. Oregon,* 745 F.2d 550, 552 (9th Cir.1984). In light of the fact that the original trial date was continued for a period of eight months, the court did not abuse its discretion in disregarding the time limits established in the original scheduling order. Although Defendants' filing of the motion only six days before trial may have been unusual, it cannot be said that the district court abused its discretion in hearing it, especially given that Maria was actually able to oppose the motion in writing and present oral argument against it.

■ As for the validity of the claims against Rubina, the court properly decided that the stipulations, as written, obviated all claims against her. Maria contends that her claim for a constructive trust over the Hausten property survived because the property was never actually conveyed as required by the stipulations. But regardless of whether defendants performed under the stipulations, the Hausten property had been sold two years prior to the trial date, and all of the proceeds had been used to pay off the mortgage for which Maria had assumed liability. Because neither the property nor the proceeds were in Rubina's possession, any claim against her for a constructive trust was moot.

■ Maria contends that the trial court erred in assigning her the burden of proof "on the basic issue of accounting." The court noted that Gerardo had met his initial burden of rendering an accounting and concluded that under the procedure agreed to in the stipulations entered into by the parties, Maria "had the burden of coming forward at trial with sufficient admissible evidence to support any objections that she had to the Accounting." Maria objects to that interpretation and application of the stipulations, but at this point the assignment of the burden of proof is irrelevant. Maria failed to submit any admissible evidence on the subject. According to the district court, Gerardo's accounting consisted of "disbursements and expenses [that] appear to be reasonable and reasonably related to Gerardo's duties under the Power of Attorney." On the other hand, the court found that Maria presented absolutely no evidence to show that the proceeds "were not reasonably spent at the direction of the Plaintiff or in accordance with the Power of Attorney." Such evidence presumably could have taken the form of her written objections to the accounting, but because Maria did not au-

thenticate that document at trial, it was never admitted into evidence. She also could have presented other evidence in support of her objections, but she admitted that she had no information upon which to challenge the accounting. Thus, Gerardo would have prevailed even if the court had assigned him the burden of proof.

Maria contends that the district court erred in three factual findings: (1) that Maria was having financial problems during the period, (2) that Gerardo conveyed the Hausten property to Maria, and (3) that Maria failed to allege a breach of Gerardo's fiduciary duty. Factual findings of a trial court are reviewed for clear error. *Ambassador Hotel Co., Ltd. v. Wei–Chuan Inv.*, 189 F.3d 1017, 1024 (9th Cir.1999). Even if these findings were errors, they do not save the appeal because they are all harmless.

■ Concerning the first alleged error, whether or not Maria was suffering from financial problems had no bearing on the reasonableness of Gerardo's accounting.

As for the second, Maria does not explain how Gerardo's failure to convey the Hausten property was relevant to the reasonableness of his accounting. If her claim for a constructive trust survived, it would be important whether or not Gerardo had followed through with the conveyance. But since the Hausten property was sold to a third party and the proceeds were used to pay off the mortgage, his failure to convey the property to Maria is of no moment to the remaining cause of action.

With respect to the third alleged error, it is difficult to read the allegations in the complaint as constituting a claim for breach of fiduciary duty. Even if they did, however, the only impact would be on the burden of proof, and because Maria presented no evidence, the assignment of the burden was inconsequential.

■ Finally, Maria asserts error in the district court's conclusion that her testimony was incredible while that of her son was credible. Credibility determinations of the factfinder are reviewed for clear error and entitled to special deference. *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir.1998). Maria insists that her testimony only reveals a "lack of recollection rather than intent to falsify." But a witness's ability to recollect facts is a substantial component of her credibility. A brief review of the trial transcript shows that Maria could not recollect, for example, that she had ever owned property in the Philippines, that she had been deposed four days prior, or that she had ever given Gerardo a Power of Attorney. The transcript painfully and sympathetically reveals Maria's lack of lucidity, and amply supports the district court's conclusion that she was not a credible witness.

### III

In sum, we dismiss this appeal for lack of jurisdiction. The successors-in-interest are not prejudiced by this dismissal because, if we were to reach the merits, we would affirm the judgment of the district court in its entirety.

DISMISSED.